[Civ. No. 4124. First Appellate District, Division Two.—March 4, 1922.]

ANDREW H. ANDERSON, Respondent, v. LENNA MAE ANDERSON, Appellant.

[1] APPEAL — FINDING — CONFLICTING AFFIDAVITS. — Where the trial court makes a determination upon issues of fact raised by affidavits, such determination is binding upon the appellate court, just as in any other case of conflicting evidence.

[2] DIVORCE — APPEAL BY WIFE — ALIMONY PENDING APPEAL—ORDER DENYING APPLICATION—DISCRETION NOT ABUSED.—On this appeal from an order denying appellant's motion for an allowance to her of alimony during the pendency of her appeal from a judgment against her in an action for divorce, the trial court did not, under the evidence, abuse its discretion in the making of the order.

[3] ID.—ALIMONY PENDING APPEAL — DISCRETION. — Whether or not alimony shall be granted pending an appeal is a matter resting in the sound discretion of the court, and its action relative to an application therefor will not be disturbed on appeal, save when it appears that such discretion has been abused.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a motion for alimony pending appeal from a decree of divorce. Edmund P. Mogan, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. J. Dunne for Appellant.

James M. Thomas for Respondent.

---

3. Allowance of temporary alimony, suit money, counsel fees or costs pending appeal, notes, 3 Ann. Cas. 51; 15 Ann. Cas. 229; Ann. Cas. 1915B, 1249.

LANGDON, P. J.—This is an appeal from an order denying appellant's motion for an allowance to her of alimony during the pendency of her appeal from a judgment against her in an action for divorce instituted by her husband, the respondent herein. She also asks for the allowance of $274.75 to repay money alleged to have been borrowed by her to pay for the transcript on appeal from the judgment in the divorce action; $10 for filing said transcript on appeal, and also for funds to pay for printing of briefs, etc., on said appeal and for $300 which she declares she requires for a surgical operation to remove a growth from her back. The action from which this motion was an outgrowth was commenced by the respondent here upon the ground of extreme cruelty; findings were made in his favor and a decree entered accordingly. The appellant here, upon motion in the trial court, was allowed $50 a month alimony, *pendente lite,* until the interlocutory decree was entered, and was also allowed counsel fees, costs, etc., upon the trial in the superior court. She is now complaining that the action of the trial court in refusing her motion for an allowance during the pendency of the appeal and for the other amounts she asks for is an abuse of the discretion vested in the trial court. The interlocutory decree was filed on April 17, 1919, and the motion resulting in the order appealed from here was not made until about six months later. At that time appellant asked an allowance of a minimum of $50 a month from the time of the filing of the decree, until the determination of the appeal. The evidence taken at the hearing of this motion consists almost entirely of affidavits which are before us in the record.

[1] Counsel for appellant devotes many pages of his brief to a criticism of the statement of facts in the brief filed on behalf of respondent. This is because respondent has stated only the facts appearing in said affidavits which are in support of the action of the trial court in denying appellant's motion, and has omitted the contradictory statements contained in appellant's affidavits. Under the record presented to us, such an enumeration of facts was proper, for the reason that where the trial court makes a determination upon issues of fact raised by affidavits, that determination is binding upon this court, just as in any other

case of conflicting evidence. Almost every material matter set forth in the affidavits of either party is contradicted by statements in the affidavits of the other party. This is not an unusual situation, but upon such a record, the facts supporting the action of the trial court must be taken as true.

[2] Our inquiry here is whether or not the trial court abused its discretion in denying the appellant's motion. (*Bohnert* v. *Bohnert*, 91 Cal. 428 [27 Pac. 732]; *Gay* v. *Gay*, 146 Cal. 237 [79 Pac. 885].) The trial court resolved all conflicts in the affidavits in favor of the respondent. It was, assuredly, in a better position to judge between conflicting statements than is this court, for the trial court had observed the parties and their witnesses during a stubbornly contested action, in which the trial extended over a number of days. Our inquiry must be, then, as in a case where a finding is attacked as being unsupported by the evidence: Is there in the affidavits any statements of fact which, taken as true, would justify the trial court in refusing to allow the appellant any further sums of money? An examination of the facts disclosed by the affidavits, with this idea in mind, shows no abuse of discretion.

Respondent's affidavit denied appellant's assertion that she is financially unable to meet the costs of her appeal; denies that she is physically unable to earn money; asserts that she has been working doing "detective work"; denies that his income is as alleged by appellant, and asserts and sets out the figures to substantiate such statement, that the income from the real estate business in which he is engaged, after deducting the expenses thereof, amounted to only $384.82 from January 1, 1920, to October 1, 1920, and that he has no other source of income whatsoever; that he is financially unable to respond to any further orders which the court might make for payment of money to appellant; that he has paid, upon order of the trial court, approximately $200 for the reporter's transcript to be used by appellant in her appeal; that he was forced to borrow this sum to make such payment. He also sets out that the allowance of money for the surgical treatment alleged to be necessary for appellant was refused by the trial court upon the first motion made for alimony *pendente lite* and that the growth which appellant states she desires to have removed was one

with which she was afflicted prior to her marriage with the respondent. We must assume that the refusal of the trial court, upon the first motion of appellant, to allow money for this purpose, was for good cause, and that upon the hearing on this second motion the court has found against the appellant upon the conflicting allegations of fact with relation thereto. Respondent also alleges that appellant is in no way physically incapacitated from earning her living, but, on the contrary, that she is sufficiently robust to harass and annoy him and follow him about on his business trips and physically assault him, all of which he charges her with since the filing of the interlocutory decree of divorce. In detail, he alleges that on May 30, 1920, she followed him to Novato, California, whither he had gone on business and assaulted him on the street and used vile language to him in the presence of his son and his friends; that she was arrested for disturbing the peace as a result of this outrage. The affidavits of several other persons substantiate these charges, including the affidavits of the deputy sheriff and the justice of the peace before whom the matter was heard. The facts disclosed by those affidavits show a most inexcusable course of conduct, violent scenes on the street, threats and blows, and that after respondent had retired to his mother's house, appellant pounded upon the door, and when unable to gain admittance went around the house shouting, ''The stove you are cooking on is not yours, it is not paid for,'' and similar remarks. Upon her arrest she pleaded guilty to the charge of disturbing the peace and paid a fine of five dollars. The charges upon which the divorce was granted to the respondent were of a character similar to this last incident. Respondent also filed the affidavit of John Alpi to the effect that the appellant had told him that before she would permit the respondent to get a divorce she would make him pay well for it; that she would ''break him'' and ''torture him.''

We are not concerned here with appellant's contradictions of these matters, because the trial court has resolved the conflict against her, and, as stated before, we are reciting the evidence which appears in the record as a basis for the order made by the trial court, accepting it as true.

It further appears, by the affidavits of the deputy constable of Novato township and of the justice of the peace

who heard the charge of disturbing the peace made against appellant, that after a fine had been imposed upon appellant she made the remark in court that "Anderson is a dirty dog. I will get even with him; I am going to get someone to beat him. I will go up one side of the street and down the other in this town and tell the inhabitants of Novato about him."

These matters, and other similar ones in the affidavits filed by respondent, in connection with the intimate knowledge of the trial judge of the facts of the case, obtained in the trial of the divorce action, assuredly warranted him in concluding that the appellant was not asking for this money in good faith and that she was not prosecuting her appeal in good faith and that it was without merit. It has been recognized that such matters enter into the exercise of the discretion of the trial court upon such a motion as we are here considering. In *Gay* v. *Gay, supra,* it was said: "The fact that the judge of the lower court before whom the case was tried, and who was, therefore, fully advised of all the proceedings therein, awarded her the alimony, is some evidence that he believed there was merit in her appeal and that it was being taken in good faith. If he believed otherwise he would have denied the motion."

[3] Whether or not alimony pending an appeal shall be granted is a matter resting in the sound discretion of the court and its action relative to an application therefor will not be disturbed by this court, save when it appears that such discretion has been abused.

The order appealed from is affirmed.

Nourse, J., and Sturtevant, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 1, 1922.

All the Justices concurred.

Waste, J., was absent and Richards, J., *pro tem.*, was acting.