[L. A. No. 1666.    Department Two.—March 15, 1907.]

T. KATAOKA, Appellant, v. J. W. HANSELMAN, Respondent.

REOPENING CASE—CONFLICTING EVIDENCE—APPEAL.—A motion to reopen the case, made upon conflicting affidavits, is addressed to the discretion of the trial court, and its action thereon will not be interfered with on appeal.

ID.—NEWLY DISCOVERED EVIDENCE—NEW TRIAL.—The refusal of the trial court to grant a motion for a new trial upon the ground of newly discovered evidence will not be interfered with on appeal when the evidence submitted on the motion is conflicting or the alleged new evidence was merely cumulative.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. M. T. Allen, Judge.

CL Cal.—43

The facts are stated in the opinion of the court.

John W. Kemp, for Appellant.

Davis, Rush & Willis, for Respondent.

McFARLAND, J.—The justices of the district court of appeal of the second appellate district, to which this cause had been appealed, not being able to unanimously agree in a judgment, filed their opinions, and the cause was transferred to this court. In the district court a majority of the justices concurred in the following opinion: —

"The suit was brought on a contract between the defendant and plaintiff set out in the complaint; by the terms of which the plaintiff agreed, in effect, to cultivate certain lands of the defendant planted to beets and load the beets into wagon as instructed by the latter or his agents, at the agreed price of one dollar per ton for the beets taken from land yielding seventeen tons or more per acre, and $1.25 per ton for beets taken from land yielding or producing less than seventeen tons, etc.

"The following clauses bearing upon the questions involved in the case are contained in the agreement:—

" 'The party of the first part agrees that all land planted and handled by them and described as follows:—

| | | |
|---|---|---|
| No. 1 | ............................... | 85 acres |
| No. 2 | ............................... | 1.10 acres |
| No. 3 | ............................... | 15 acres |
| | ............................... | acres |

containing in all 2.10 acres, more or less, is to be cared for by the party of the second part, T. Kataoka.'

" 'Payments are to be made three times in order of the described and as follows, if required by party of the second part, at the rate of four dollars ($4.00) per acre after thinning is done, and after the field is laid by, that is, when the beets have been hoed not less than two times, and are free from weeds, an additional two dollars ($2.00) per acre will be made, the balance remaining due to be paid after all work is finished in accordance with this agreement.'

"It may be assumed that the decimal points in the former of the two paragraphs quoted were inadvertently inserted, and that the number of acres intended to be described was 210.

"It is further alleged that the plaintiff has duly performed all the conditions of the contract, and that upon its completion there was due to him the sum of $3,431.87; of which amount there has been paid to him the sum of $2,904.25, leaving due the sum of $527.12. The defendant in his answer denies that upon the completion of the contract there was due to the plaintiff any sum greater than $2,934.25; of which amount it is alleged he had paid the sum of $2,904.25, leaving due to the plaintiff the sum of thirty dollars only, which, he alleges, he tendered to the plaintiff. This allegation and denial constitutes the only issue in the case; and on this issue the court finds for the defendant. Judgment was entered accordingly, from which and an order denying his motion for a new trial plaintiff appeals.

"After both sides had rested and the case was closed, and judgment ordered for the plaintiff for the sum of thirty dollars, a motion was made by the plaintiff on affidavit to reopen the case for the purpose of introducing the additional evidence therein referred to; but this motion was denied by the court, and thereupon its findings of fact and judgment were filed.

"The grounds urged by the plaintiff for reversal are, that the court erred in denying the plaintiff's motion to reopen the case, and in refusing to grant a new trial upon the ground of newly discovered evidence; and that the finding of the court upon the issue involved is not sustained by the evidence.

"As to the last ground stated, it is sufficient to say that the evidence taken at the trial is conflicting, with the large preponderance thereof going to support the decision of the trial court.

"The motion to reopen the case for further evidence was made several months after the case had been tried and decided. The showing made consisted of several affidavits filed by plaintiff and several affidavits filed on the part of the defendant in rebuttal. There was no objection made to the filing or consideration of these affidavits in rebuttal. The evidence given on this motion was just as conflicting in its nature and was exactly of the same general character and directed to the same proposition as had been the evidence taken upon the trial. It was affirmed on the one side and denied under oath on the other that an agreement had been made between the parties that the acreage grown to beets was

one hundred and sixty-six. It was shown by plaintiff that after the trial he had another engineer measure the beet ground, and that this measurement showed that the previous measurement by defendant's engineer was wrong, and that there was considerably above one hundred and sixty-six acres grown to beets. On the other hand, several disinterested witnesses gave their affidavits to the effect that plaintiff's engineer had included in his measurement 'many acres' that were not grown to beets. The motion to reopen, as well as the motion for a new trial, being submitted to the court upon this conflicting evidence, of course he would not grant either motion unless he believed the affidavits of the plaintiff to be true. We must presume in support of the action of the court that he did not so believe them, and as the whole matter was within his discretion, he being the judge of the value and effect of the evidence, we are not authorized to interfere with his decision.

"Moreover, the alleged new evidence was merely cumulative, and for that reason also the reopening, rehearing, and retrial were properly refused. (*Patterson* v. *San Francisco etc. Co.*, 147 Cal. 178, [81 Pac. 531].)

"The judgment and order appealed from are affirmed.

"GRAY, P. J.

"I concur: Allen, J."

After a full consideration of the case here we are satisfied with the foregoing opinion and with the conclusions therein reached, and for the reasons therein given, the judgment and order appealed from are affirmed.

Henshaw, J., and Lorigan, J., concurred.