[Civ. No. 7581. Second Appellate District, Division Two.—December 29, 1930.]

MARION CLARA KELLETT, Appellant, v. THOMAS N. KELLETT, Respondent.

Miller & Casady, Howard Rockefeller and Betty Graydon for Appellant.

Wm. M. Morse, Jr., for Respondent.

ARCHBALD, J., *pro tem.*—This is an appeal from an order of the trial court denying a motion made by appellant, as plaintiff in such court, under section 473 of the Code of Civil Procedure, for an order setting aside the interlocutory decree of divorce entered in her favor, and also to set aside a contract of property settlement between the parties and two deeds executed at the same time in connection with the property settlement, and to reopen the cause for further hearing.

The record shows that appellant filed her complaint for divorce in the Superior Court of Los Angeles County on July 29, 1927; that the default of respondent was entered therein August 10, 1927, and that an interlocutory decree in favor of appellant thereupon issued. On motion of appellant's attorney the case was thereafter reopened to prove a property settlement between the parties, and the decree as amended awarded the real property mentioned in the settlement to respondent, certain personal property to appellant as well as the sum of $2,400, to be paid in monthly installments, and created a lien on the real property described to secure the payment of said sum. Thereafter and within the six months' period appellant filed her motion under section 473 of the Code of Civil Procedure, for the order first mentioned and attached to it her supporting affidavit. For the purpose of this appeal it is sufficient to say that the affidavit states that the defendant, about a month after the marriage, commenced treating the plaintiff unkindly and persisted in such course of conduct for a period of about six months, when he abandoned her and went to live with his sister, leaving plaintiff without means of support; that the latter filed suit for separate maintenance against defendant and about two months later he came back to her, said he was in the wrong and sorry and asked her to take him back, promising that he would conduct himself as he should and would convey to her

694

one-half of his property; that plaintiff was anxious for a reconciliation, accepted his promises, effected a reconciliation and that defendant conveyed to her a one-half interest in his two pieces of real estate; that they lived happily together for three or four months, when defendant again resumed his unkind conduct and former accusations that she married him for his property; that he kept that up for about a year, and as a result plaintiff became physically weak and mentally incapable of resisting his "persistent requests and demands that she reconvey said property to him"; that finally she told him that she did not marry him for his property and would do anything he wanted her to do to prove it; that he then said that if "she would reconvey to him said property that it would satisfy him that she had not married him for his property alone"; that he promised her "that if she would make said conveyance to demonstrate her love for him he would again reconvey the said property to her after he was convinced of her love"; that he employed his own attorney and told her to go to him; that he instructed the attorney to prepare deeds and a property settlement contract which she signed solely "to demonstrate to the defendant that she really loved him and relied on his promise that he would reconvey said property to her and that they would thereafter live happily together"; that after the execution of said deeds and contract the defendant suggested to her that she should get a divorce from him, and then talked over the matter of a divorce with said attorney; that thereupon she told defendant she did not want a divorce "and that they had not talked that matter over", and she refused to do so; that defendant said she must get a divorce from him— "that there must be a divorce in order for the property settlement to be good", and that "she could only prove her love by getting a divorce from him"; that he would "later on remarry her and redeed said property to her if he was entirely convinced that she had not married him for his property"; that she could only convince him by getting a divorce; that she informed him she would do anything to satisfy him of her love, and at his direction went to the same attorney whom defendant had employed and caused the divorce action to be filed; that after it was filed she told him she did not want to go ahead with it,

but he told her she must and resorted "to threats and violent methods" in order to intimidate and coerce her into complying with his said demands; that since the rendition of said decree of divorce she has become convinced that all of defendant's representations were false and fraudulent and made for the "purpose of reacquiring said property".

On the day the motion in question was heard, April 23, 1928, defendant filed a counter-affidavit denying the serious statements contained in plaintiff's affidavit and placing a version on some of the incidents alleged in the affidavit quite inconsistent therewith. The counter-affidavit was served on opposing counsel on April 21, 1928. It also appears from the records of the case that the motion was called at 10 A. M. on April 23d, at which time plaintiff's counsel stated that they had not had time to file affidavits in opposition to defendant's counter-affidavit and asked the court for time in which to do so; that thereupon the court continued the hearing of said motion to 2 o'clock P. M. of the same day and at the further hearing allowed plaintiff, over defendant's objection, to file the affidavit of Mrs. Clara Bailey, the mother of plaintiff; that plaintiff then requested time to prepare and file further affidavits of witnesses "in support of plaintiff's motion and in opposition to defendant's affidavit", which request the court denied, proceeding to hear arguments of counsel and rendering its decision denying said motion on said day. Notice of appeal was filed May 7, 1928.

There is no question but that it is the policy of the law to guard against collusion and fraud in divorce cases and that it should be its aim to afford the fullest possible hearing in such matters (*McBlain* v. *McBlain,* 77 Cal. 507 [20 Pac. 61]), and it is appellant's contention that the court erred in denying her request for time to file further affidavits and her motion for leave to bring in witnesses to testify in open court.

While it was not filed until the time set for the hearing, the counter-affidavit of defendant was served on counsel for plaintiff two days before the hearing, and the hearing was continued from 10 o'clock in the morning until 2 o'clock in the afternoon at plaintiff's request, at which time the court permitted the affidavit of Mrs. Bailey to be filed by plaintiff. The contents of this affidavit, how-

ever, are more in corroboration of the affidavit of plaintiff than in rebuttal of that of defendant; and the record seems to indicate that the additional affidavits were desired to support plaintiff's affidavits rather than to rebut the counter-affidavit of defendant, which for the most part consists of denials only, the few affirmative allegations, with the exception of the statement of an occurrence in the attorney's office, being statements of matters of conversation between the parties themselves. We see no abuse of discretion in not allowing more time than was given to file counter-affidavits. As to additional affidavits "to support" that of plaintiff, they would seem to be cumulative and within the discretionary power of the court to limit. (Sec. 2044, Code Civ. Proc.; *Estate of Wineteer*, 176 Cal. 28 [167 Pac. 516].)

■ Counsel who filed the opening brief for appellant on this appeal seem to urge that there was error in denying the motion because it was based on an affidavit setting up collusion and fraud. Section 131 of the Civil Code, referring to divorce proceedings, among other things provides: "After the entry of the interlocutory judgment neither party shall have the right to dismiss the action without the consent of the other"; and a defaulting defendant has such standing as entitles him to insist on the integrity of the interlocutory decree. (*Suttman* v. *Superior Court*, 174 Cal. 243 [162 Pac. 1032].) That means necessarily that he may introduce evidence to show that it should not be vacated when, after notice, the validity of the decree is attacked. Respondent did so in this case, and the court having decided the question on extremely conflicting evidence we are not authorized to interfere with its decision even though the evidence is in affidavit form. (*Kataoka* v. *Hanselman*, 150 Cal. 673 [89 Pac. 1082]; *Doak* v. *Bruson*, 152 Cal. 17 [91 Pac. 1001].) And that would seem to be true regardless of the grounds alleged.

■ It is hardly necessary to say that the court cannot set aside contracts such as deeds and property settlements executed by the parties to an action, on a motion. A plenary action is required for that purpose.

■ Appellant based her right to the relief asked on section 473 of the Code of Civil Procedure, by reason "of a mistake, excusable neglect and fraud, coercion and undue influence practiced upon her by the defendant", as shown

by her affidavit. Such section provides that "the court . . . may also upon such terms as may be just, relieve a party or his legal representative from a judgment, order or other proceeding *taken against him* through his mistake, inadvertence, surprise, or excusable neglect; provided that application therefor be made within a reasonable time, but in no case exceeding six months after such judgment, order, or proceeding was taken (and provided, further, that said application must be accompanied with a copy of the answer or other pleading proposed to be filed therein, otherwise said application shall not be granted". (Italics ours.) The motion was filed in time, but the judgment which appellant asks to set aside is one *in her* favor and *not against her,* as the section provides, and no copy of any pleading accompanied the application, nor could it, as appellant apparently desires to have the interlocutory decree set aside so that she can dismiss the action or at least not have a judgment in her favor, as her affidavit impeaches her action in filing the complaint. By the judgment which she seeks to set aside she obtained all the relief possible under her complaint, and it is that she is objecting to. She said she did not want a divorce but was forced into it by her husband, against whom the judgment ran. She might be entitled to relief by a plenary action if she could convince a court of equity that she came into the court with clean hands, but she certainly shows nothing that brings her within the section upon which she relied in the instant case. Her affidavit does not show mistake, inadvertence, surprise or excusable neglect, but fraud, and would not seem to make out a case to which the section applies even if the judgment were not in her favor but against her.

█ It was the duty of the court, inasmuch as the affidavit filed by appellant showed collusion, to make such inquiry as was necessary to satisfy it that there was no imposition, which was undoubtedly done. But even if the evidence produced had convinced the judge that collusion was involved, it would have been necessary, in our opinion, to deny appellant's motion and on the court's own motion to have set aside the decree. Evidently the court did not conclude from the evidence that such should be done, and we can see no error in the denying of appellant's motion for relief.

It is only fair to present counsel for appellant to say that she did not come into the case until the matter had already been submitted on appeal, and then only for the purpose of endeavoring to reopen the proceeding.

Judgment affirmed.

Works, P. J., and Thompson (Ira F.), J., concurred.