[L. A. No. 14942. In Bank.—December 11, 1934.]

MARION CLARA KELLETT, Appellant, v. THOMAS N. KELLETT, Respondent.

R. C. W. Friday for Appellant.

Wm. M. Morse, Jr., Sidney A. Shoop and Morse & Shoop, for Respondent.

THE COURT.—Motion of plaintiff to withdraw the record in this case for the purpose of rearranging and amending the authenticative certificate thereupon on the ground that by inadvertence the orders appealed from and the papers used on the hearing resulting in said orders are found in the clerk's transcript instead of the reporter's transcript. An inspection of the purported clerk's transcript shows that a number of papers used on the hearing of the motions which resulted in the orders appealed from are contained and bound in what purports to be the clerk's transcript and that these papers are not contained in the reporter's transcript filed herein. It appears further, however, that the purported clerk's transcript is certified to by the trial judge in the same manner in which said trial judge has certified to the reporter's transcript. This certificate in each instance meets the requirements of section 953a of the Code of Civil Procedure. The judge's certificate to the clerk's transcript is unusual and is not required by any provision of law. However, as the complete record is now before the court in these two transcripts, and each of them bears the certificate of the trial judge as to its correctness, we think there is no need to have the transcripts returned for correction to the trial court, but that the court in passing upon the merits of said appeal may consider any matter found in either of said transcripts to all intents and purposes as if the same were contained in the reporter's transcript.

While this proceeding bears the same title and is between the same parties as cause No. 13200 (*ante*, p. 45 [39 Pac.

(2d) 203]), this day filed, it is entirely different and separate from said last-named proceeding. A similar motion to the one involved herein was made in said cause which was denied upon the same ground as that upon which we have based the denial of the motion in the present proceeding.

The motion is denied.