[S. F. No. 15111. In Bank.—May 6, 1935.]

THE DOXSEE COMPANY (a Corporation), Respondent, v. ALL PERSONS, etc., Defendants; JENNIE FAGALDE, Appellant.

W. H. Hazell for Appellant.

W. H. Morrissey and Louis B. Dematteis for Respondent.

PRESTON, J.—Appeal by defendant Jennie Fagalde from judgment for plaintiff in an action to establish title to some 53 separate parcels of real property located in that portion of San Mateo County which was at one time a part of San Francisco County, of which area the land title records were destroyed by the fire of 1906. It was herein stipulated that plaintiff had taken all necessary proceedings under the McEnerney Act to give the court jurisdiction to

hear and determine the cause. Only as to four of said 53 parcels of property is plaintiff's title here questioned. These four parcels were deeded to plaintiff on December 16, 1931, by Frederick A. Fagalde, as his separate property. By amended answer and amended cross-complaint appellant Jennie Fagalde asserted her ownership in fee of an undivided one-half interest therein.

To make understandable the claims of appellant, it is necessary to set forth a statement of her relations with plaintiff's said grantor, Frederick A. Fagalde, as found by the court and established by sufficient evidence.

Frederick A. Fagalde and appellant were married on June 25, 1904, and thereafter acquired, as community property, a 160-acre tract of land in Tehama County valued at $7,000; also some hogs. In September, 1911, they performed a mutual agreement which the court here found was a settlement between them of their property rights, whereby the husband deeded to appellant's brother, for her, the said tract of land, and transferred the hogs to a groceryman, to whom they were indebted, in full payment of his claim; and they further agreed that any property thereafter acquired by either of them would be that one's sole and separate property. At said time also they separated; the husband moved to San Francisco, and they have not since seen or spoken to each other.

In May, 1913, the husband filed an action for divorce against appellant in the San Francisco Superior Court alleging, among other things, that there was no community property. Appellant answered and cross-complained in said action, denying that there was no community property and affirmatively alleging that the husband was possessed of community property but that she was unaware of the location thereof. By interlocutory decree, entered January 30, 1914, a divorce was granted to appellant and it was further adjudged that the husband pay her $50 counsel fees and $11 costs "in addition to any settlement of property rights that may have been made between the parties hereto". On June 22, 1915, on motion of the husband, a final decree of divorce was entered. Unfortunately in said final decree the word "plaintiff" was erroneously inserted for the word "defendant" and thus the decree apparently failed to conform to the terms of the interlocutory decree and purported to

grant the divorce to the husband instead of to appellant. About six months later counsel for the husband and for appellant, without knowledge of or notice to either of them, stipulated to set aside said final decree, upon which stipulation the court, on December 20, 1915, made an order purporting to vacate it. Although said stipulation provided that the court might grant a final decree in accordance with the terms of the interlocutory decree, this was not done and no other or proper decree was entered at said time following said order to vacate.

The husband, believing that he was divorced, thereafter married, later was again divorced, and still later again married. On September 11, 1918, he acquired one of the four parcels of property here in dispute; on December 21, 1925, he acquired the second parcel; on February 14, 1923, the third parcel, and on December 14, 1908, the fourth parcel. At the time of the conveyance to plaintiff, December 16, 1931, a title search was made which revealed the flaw in the title chain caused by the purported setting aside of said final divorce decree of 1915. In an attempt to rectify the error, said husband, on December 24, 1931, made, and on December 31, 1931, filed in the superior court, in said divorce action, an ''affidavit for final judgment of divorce''; pursuant to which the court, on the latter date, entered a final decree of divorce in conformity with the terms of the interlocutory decree.

In this connection, in the instant case, the court found that there was no legal or valid ground for setting aside the final divorce decree of 1915 and that it was not within the power of the attorneys in the divorce action to enter into said stipulation without the knowledge, notice to, or consent of their clients; ''that in said final decree of divorce (1915 decree) the name of the plaintiff was through an error inserted where the name of the defendant should have been, this was a typographical error, a mistake which appeared upon inspection of the records, the final decree referred to said interlocutory decree and recorded in Judgment Book 70 at page 37 where said interlocutory decree was set out. That from these two decrees of divorce it shows that the interlocutory decree was duly made and entered and more than one year thereafter a final decree was properly granted and recorded in Judgment Book 85 at page 14, in the Official

Records of the County Clerk of the City and County of San Francisco, June 22, 1915. That all questions as to the property rights of said Frederick A. Fagalde and Jennie Fagalde were by the pleadings before the court in that divorce action for consideration. The Court in the divorce proceedings had jurisdiction to inquire into and make disposition of their property rights.''

From the evidence and the findings the court concluded that each of the parcels here involved was the sole and separate property of Frederick A. Fagalde at the time he transferred same to plaintiff and that plaintiff is now the owner in fee thereof. Judgment followed quieting title in plaintiff and Jennie Fagalde promptly appealed, urging mainly specifications of insufficiency of the evidence to support the findings, particularly those relating to the property settlement and the setting aside of said divorce decree of 1915. With respect to the latter claim, appellant contends that as the husband on December 31, 1931, invoked the jurisdiction of the superior court in said divorce action to enter a proper final decree, he is therefore estopped to question the validity of the prior proceeding setting aside the earlier decree. Lastly appellant contends that plaintiff is without legal right to make a collateral attack upon said divorce proceedings.

■ First, it may be said that there is abundant evidence to support the finding that the Fagaldes permanently settled their property rights prior to the divorce proceeding. The husband testified to this property settlement. Appellant did not appear to contradict him. The pleadings in the divorce action put in issue the existence of community property and the interlocutory decree indicated that a property settlement had theretofore been made by use of the phrase ''in addition to any settlement of property rights that may have been made between the parties hereto''. There is no merit in the contention that this testimony as to the property settlement was inadmissible, being an attempt to vary by parol evidence the plain and unambiguous terms of a written instrument, to wit: an attempt to transmute the deed of the Tehama ranch to appellant's brother, which was absolute in its terms, into a property settlement agreement. The deed was but an incident of the property settlement agreement; agreements between husband and wife respecting

property rights may be made orally. (*Estate of Patterson,* 46 Cal. App. 415 [189 Pac. 483] ; *Perkins* v. *Sunset etc. Co.,* 155 Cal. 712 [103 Pac. 190].)

■ The action of the trial court in upholding the 1915 divorce decree was also clearly correct. After entry of a final judgment of divorce, respective counsel, without the knowledge and consent of their clients, upon stipulation, and the court, have no authority whatsoever to set it aside. (*Knowlton* v. *Mackenzie,* 110 Cal. 183, 188 [42 Pac. 580] ; 6 Cor. Jur., p. 654, sec. 163; 2 R. C. L., sec. 85, p. 1006; *Suttman* v. *Superior Court,* 174 Cal. 243 [162 Pac. 1032] ; *Kellett* v. *Kellett,* 110 Cal. App. 691, 696 [294 Pac. 755] ; *De-Haven* v. *Superior Court,* 114 Cal. App. 253 [300 Pac. 95].) We hesitate to imagine what disastrous results might ensue were this not the law. Consider the position of this husband, who married, divorced and married again firm in the belief of the validity of his first divorce. Other cases might present even more perplexing questions as to marital and property rights, legitimacy of children, etc. The authorities relied upon by appellant are not in point. None of them involves the authority of an attorney to set aside a final judgment of divorce without the knowledge or consent of his client.

■ The decree entered in 1931 can be effective only as a *nunc pro tunc* correction of the patent typographical error in the 1915 decree. Courts have inherent power over their records and may at any time correct mere clerical or typographical errors. (*San Francisco* v. *Brown,* 153 Cal. 644, 651 [96 Pac. 281] ; *Halpern* v. *Superior Court,* 190 Cal. 384 [212 Pac. 916].)

■ Lastly, we may dismiss appellant's contention that plaintiff was without legal right to make a collateral attack upon said divorce proceeding, with the remark that it was appellant herself who brought the divorce proceeding before the court in this cause. Plaintiff has not attacked said divorce proceeding but has at all times contended for its validity, as established by the judgment herein.

The judgment is affirmed.

Curtis, J., Waste, C. J., Shenk, J., and Thompson, J., concurred.