[L. A. No. 13246. In Bank.—June 10, 1936.]

MARION CLARA KELLETT, Appellant, v. O. R. MAR-VEL, Administrator, etc., Respondent.

Marion Clara Kellett, *in pro. per.*, R.. C. W. Friday, J. Paul Elliott and James R. Jaffray for Appellant.

Neil G. Locke for Respondent.

THOMPSON, J.—This appeal involves four actions, all growing out of a divorce proceeding instituted by Marion Clara Kellett on July 29, 1927, and numbered D57350 in the trial court. Thomas N. Kellett defaulted and an interlocutory decree. was entered incorporating a property settlement providing for a reconveyance to the husband of certain described realty, previously held by the parties in joint tenancy, payment to the plaintiff of $2,400 in monthly instalments of $300 and the allotment to her of certain household furniture and personal property.

On April 16, 1928, Mrs. Kellett presented to the trial court a motion for relief under section 473 of the Code of Civil Procedure, seeking an order setting aside the interlocutory decree which had been granted her and also the contract of property settlement incorporated in the decree and two deeds executed in pursuance thereof. The motion was made upon the ground that the defendant had induced her to obtain the interlocutory decree and execute the property agreement through fraudulent misrepresentations, undue influence and coercion. The motion was denied by the trial court and the order of denial affirmed upon appeal by the District Court of Appeal on December 29, 1930 (*Kellett* v. *Kellett*, 110 Cal. App. 691 [294 Pac. 755]) upon the ground that it was not a proper case for relief under that code section.

After denial of her motion Mrs. Kellett filed three other actions, all having for their object the nullification of the interlocutory decree which she had previously obtained. On May 31, 1928, pending the appeal from the order denying her motion under section 473 of the Code of Civil Procedure, complaint was filed in action No. D65544 seeking to set aside the interlocutory decree. The complete record of this action is not in the record now before us, but it was introduced in the trial court and the record brought up does contain a judgment in this action rendered in favor of the defendant on March 15, 1929. Upon this judgment,

from which no appeal appears to have been taken, the defendant bases his plea of *res judicata*.

The complaint in action No. 306434 was filed by Mrs. Kellett on July 25, 1930. She therein asked to have her title quieted to an undivided share in joint tenancy of the property awarded to the defendant by the interlocutory judgment of divorce.

Action No. D92871 was begun by Mrs. Kellett on February 18, 1931. By her complaint in this action she asked to have set aside the decree in the divorce action (No. D57350) and the decree in action No. D65544 refusing to set aside the interlocutory decree.

On December 27, 1930, the plaintiff filed her opposition to the defendant's application for a final decree, supported by an affidavit setting forth as grounds of her resistance, cohabitation since the granting of the interlocutory decree and her incompetence at the time of its entry and during the divorce proceeding. The defendant filed a counter-affidavit. On February 10, 1931, the plaintiff also filed (in the divorce action) a motion to deny the defendant's application for a final decree and, on February 19, 1931, in open court and at the time set for hearing of the first-mentioned motion, moved to abate the entry of the final decree upon the ground of the pendency of action No. D92871, the complaint in which action had been filed by Mrs. Kellett the day before. After statement of counsel for defendant that the matter then before the court was the plaintiff's resistance to the filing of the final decree based upon the same matters as were relied upon in support of the motion for relief under section 473 of the Code of Civil Procedure and set up as grounds for relief in equity in action No. D65544, in which action the judgment had gone against her, and the disclosure of the pendency of actions numbered 306434 and D92871, the trial court requested a stipulation consolidating the whole matter for trial. The following written stipulation, which is the center of most of the controversies involved in this appeal, was filed in each case, including case numbered D65544, on February 20, 1931:

"It is hereby stipulated by and between the attorneys for the plaintiff and the attorneys for the defendant herein, that the cases numbered D–65544, 306434, and D–92871, all being between Marion Clara Kellett and Thomas N. Kellett,

may be consolidated with the above case No. D–57350, for hearing, and that all the matters therein contained may be heard and adjudicated at this time, and the decision entered herein shall be in complete adjudication of each case herein designated. It is further stipulated that a motion of resistance to the final decree, may also be heard at this time.''

Under this stipulation, and the further stipulation that all testimony taken should apply in each case so far as competent, relevant and material, the cases were tried on February 19, 20 and 24, 1931. Both parties produced witnesses who testified on the issues of the plaintiff's mental and physical condition, competency and ability to understand the nature and effect of the divorce proceedings and action No. D65544, fraud and coercion on the part of the defendant, inducing her to obtain the interlocutory decree, collusion and condonation, reconciliation and cohabitation both prior and subsequent to the interlocutory decree.

On March 26, 1931, the court made an order in action No. D57350 denying the plaintiff's motion to resist the entry of the final decree of divorce. The order recited the consolidation of the motion in that case with cases Nos. D92871 and 306434 and the finding that ''all of the matters set up in plaintiff's affidavit in said motion . . . are *res adjudicata* by virtue of said case number D–65544, said last named cause having been tried before the Honorable Leonard Wilson, in March, 1929. That said cause not having been appealed from has become final, and is, therefore, *res adjudicata*''.

On the same day (March 26, 1931) the trial court rendered judgment for the defendant in action No. 306434, the quiet title action, reciting in its findings that the action was consolidated with Nos. D57350 and D92871; that Thomas N. Kellett was the owner of the property described by reason of the conveyances between the parties approved by the court in action No. D57350 and that the plaintiff raised the same issues in action No. D65544, which were there fully determined by the court and judgment rendered which had not been appealed from, and concluded that the issues therein raised were *res judicata* by reason of the decree in action No. D65544.

Also on March 26, 1931, the trial court rendered judgment for the defendant in action No. D92871, refusing to set aside

the decrees in cases numbered D57350 and D65544. The findings upon which this judgment is based include findings that Mrs. Kellett commenced action for divorce (No. D57350) as her own independent and voluntary act and not at the instigation or request of the defendant; that, subsequent to the hearing and determination that she was entitled to an interlocutory decree of divorce, she procured the services of another attorney and caused the action to be reopened to ratify and incorporate in the decree the property settlement previously entered into; that this action also was the independent action of the plaintiff; that the plaintiff began a new action, numbered D65544, seeking to set aside the interlocutory judgment in No. D57350, in which judgment was entered denying the plaintiff the relief sought, which judgment was never appealed from and has become binding and final; that during all this time the plaintiff was not sick in mind or body to such an extent that she did not comprehend the nature of her acts or the actions or her rights therein but was competent to understand the matters therein involved and fully cognizant of the fact that she was becoming divorced and did so become by her free and voluntary act; that in action No. D65544 the court fully found upon the matters of the plaintiff's mental and physical condition, competency and that these findings are final and binding upon the plaintiff.

On March 27, 1931, final judgment of divorce was entered, the order reciting that it was granted of the court's own motion. The respondent states that the motion to abate was denied by minute order on the same date, but this order is not contained in the record.

On April 9, 1931, the plaintiff filed separate notices of intention to move for a new trial in actions Nos. D57350, 306434 and D92871. On May 19, 1931, the court ruled that the motion "be and the same is hereby denied in each case". The plaintiff thereafter filed notice of appeal in case No. D57350 only. The certificate of the county clerk of Los Angeles County, attached as an exhibit to the appellant's petition for hearing by this court, shows that the notice of appeal was placed in the files of action No. D57350, that the entry, "Notice of Appeal filed", was made in the Register of Actions as to No. D57350 on May 26, 1931, and the entry, "Notice of Appeal filed—see case No. D-57350", made on

470

that date in the registers of actions as to cases Nos. D65544, 306434 and D92871. The notice of appeal was entitled No. D–57350 but stated that the plaintiff appealed "from the order denying plaintiff's motion to resist defendant's application for final decree of divorce, entered and rendered in said action in favor of the defendant, Thomas N. Kellett, and against the plaintiff, Marion Clara Kellett, on the 19th day of March, 1931, and entered in Book 787, page 112, on the 27th day of March, 1931, and the whole thereof; and from the order rendered in the above entitled action, in favor of the defendant and against the plaintiff, but being case No. D–65544, on the 26th day of March, 1931, and the whole thereof; and from the judgment rendered in the above entitled action, but being case No. D–92871, in favor of the defendant and against the plaintiff, on the 19th day of March, 1931, and entered in Book 773, page 188, on the 28th day of March, 1931, and from the whole thereof; and from the judgment rendered in the above entitled action, but being case No. 306434, in favor of the defendant and against the plaintiff on the 19th day of March, 1931, and entered in Book 772, page 150, on the 27th day of March, 1931, and from the whole thereof; and from the order denying plaintiff's motion for new trial entered on the 19th day of May, 1931, in Book 61, page 3, and the whole thereof".

The appellant has made what she terms a "preliminary motion" to withdraw the record and rearrange the clerk's and reporter's transcripts for the reason that certain papers, affidavits and orders which can only be brought up to this court by means of a reporter's transcript or bill of exceptions certified by the trial judge were improperly included in the clerk's transcript, which, however, was certified by the trial judge, as well as the clerk. Similar motions were made by this appellant in two appeals growing out of this same series of litigation and earlier considered by this court. In each case the motion was based upon the same errors in preparation of the record and it was in each case denied. (*Kellett* v. *Kellett.* 2 Cal. (2d) 45 [39 Pac. (2d) 203], and *Kellett* v. *Kellett,* 2 Cal. (2d) 50 [39 Pac. (2d) 206].) For the reasons therein stated the present motion to withdraw and correct the record should be denied.

Thomas N. Kellett having died pending the appeals, O. R. Marvel, administrator of his estate, was substituted as respondent in each of the cases. He has moved for a dismissal of each of the appeals or, in the alternative, for an order affirming each of the judgments and orders appealed from. The motion is made upon the grounds that no proper appeal was taken in cases Nos. D65544, 306434 and D92871; that the orders denying the motions for new trial are not appealable and that none of the appeals presents any substantial question but all are entirely without merit and require no further argument. This motion is before us for consideration with the appeal on the merits.

The notice of appeal specifies that the appeal is taken from the order denying the plaintiff's motion to resist the defendant's motion for a final decree ''entered and rendered . . . on the 19th day of March, 1931, and entered in Book 787, page 112, on the 27th day of March, 1931''. This order was actually made on March 26th. The record discloses no order made on March 19, 1931. The date, book and page of entry recited in the notice of appeal are those of the final judgment of divorce. The respondent contends, in his brief on hearing in this court, that no appeal was taken from the final judgment of divorce and that the order denying the plaintiff's motion to resist entry of the final decree was an order before final judgment and not appealable. The notice of appeal is ambiguous in that it names the order, gives a date on which no adjudication was made and describes it by reference to the date, book and page of entry of the final decree in the book of judgments. The appellant will be considered as having noticed an appeal from the final judgment of divorce under the rule that notices of appeal are liberally construed to preserve the right of review unless it appears that the respondent has been misled by the misdescription. (*Title Guarantee & Trust Co.* v. *Lester,* 216 Cal. 372 [14 Pac. (2d) 297]; *Estate of Smead,* 215 Cal. 439 [10 Pac. (2d) 462].) Far from being misled by the misdescription or ambiguity in the notice of appeal, respondent, in his motion to dismiss, treated the appeal in action No. D57350 as having been taken from both the order and final judgment and confined his argument on the motion, with respect to this action, to the lack of merit in the appeal.

The second specification in the notice of appeal is the "order rendered in the above entitled action . . . but being case No. D–65544, on the 26th day of March, 1931". No order was entered in this case on this date. Moreover the record shows that final judgment was entered in this case on March 19, 1929, and satisfaction of judgment filed April 16, 1929, and the portion of the register of actions which is included in the transcript shows no order entered thereafter other than the order denying the plaintiff's motion to resist entry of the final decree, which is numbered D57350 and apparently filed in No. D65544 by mistake. The order itself recites the recovery of final judgment in No. D65544 which had not been appealed and hence was conclusive of the matters urged in the motion to resist. There was no adjudication in this case from which an appeal could be taken.

With regard to actions Nos. D92871 and 306434, the respondent has treated the notice as referring to the judgments rendered in those actions, although, once again, the dates of rendition of the judgments are erroneous although the date, book and page of entry are as given in the notice. The respondent's contention is that no notice of appeal was filed in these cases, that the consolidation, being for purpose of trial only, and not a consolidation under section 1048 of the Code of Civil Procedure, the filing of a notice of appeal in each case is a jurisdictional requirement.

Conceding without deciding the point that there was no such consolidation here as to merge these various actions into one so that, in strictness, a notice of appeal should have been filed in each case, nevertheless the cases were in some respects treated as merged by both the parties and the trial judge. While there are separate findings, conclusions of law and judgments, and the plaintiff presented separate motions for new trial, there is but one transcript on appeal entitled "No. D57350 and Consolidated actions per Stipulation and Order". ▮▮ While it is true that the filing of a notice of appeal is a jurisdictional requirement and cannot be waived, the absence of prejudice and the efficacy of the things done to give notice to the other party that the appeal has been taken may be considered in determining whether there has been a sufficient compliance with the requirement of section 940 of the Code of Civil Procedure that a notice stating the appeal from the judgment

or order be filed with the clerk of the court in which the judgment or order is entered. ▮ Since the amendment of section 940 eliminating the requirement of service of the notice upon the adverse party, the records of the clerk of the court wherein the judgment or order appealed from was rendered must be relied upon for notice that an appeal has been taken. The notice of appeal in this instance was placed in the files of action No. D57350, a notation of its filing was made in the register of actions under the number of each of the cases with a cross-reference to action No. D57350. If a copy of the notice had been placed in the files of each case, it would, beyond a doubt, have been sufficient. Under the circumstances, where all the cases were consolidated, if only for the purpose of trial, and are bound to be considered together upon appeal, if only for the reason that the evidence taken applied to all, the entry in the register under the number of each case with a reference to the place where the notice itself was to be found in the files, can have resulted in no prejudice to the respondent and must be considered a substantial compliance with the requirement that the notice of appeal be filed in each case. Any other conclusion would be out of line with the rule of liberal construction of notice of appeal where the imperfections have not misled or prejudiced the respondent. (*Title Guarantee & Trust Co.* v. *Lester, Estate of Smead,* both *supra,* and *Purity Springs Water Co.* v. *Redwood Ice Delivery,* 203 Cal. 286 [263 Pac. 810].)

There remain to be considered, in connection with the other ground of the respondent's motion to dismiss, the appeals from the final judgment of divorce in action No. D57350 and from the judgments in actions numbered D92871 and 306434. Determination of the motion upon this ground involves the same questions as a determination of the appeals upon the merits, hence it will not be considered separately.

▮ The appellant urges as ground for reversal that it was error for the trial court to sustain the plea of former adjudication and also to find upon the merits of the other issues raised by the pleadings. The appellant contends, first, that the plea of *res judicata* was waived by the stipulation consolidating the cases for trial and, second, that the action of the trial court in considering and sustaining the plea of *res judicata* deprived her of a fair trial on the

merits in that it cannot be determined that in making its findings on the merits the court was uninfluenced by the former adjudication.

The proposition that the plea of *res judicata* was waived and case No. D65544 reopened by the stipulation of consolidation is not borne out by the record. While the record is not free from ambiguity and confusion, the remarks of the trial judge in suggesting the consolidation, the argument and discussion by counsel at that time, the later introduction into evidence of the record in that case and the fact that no disposition of that case was attempted on March 26, 1931, when the order in case No. D57350 was made and the judgments in actions Nos. 306434 and D92871 were rendered, can only lead to the conclusion that case number D65544 was mistakenly included in the stipulation for consolidation and was before the court only for consideration on the plea of *res judicata* and in connection with the issue of the plaintiff's competence at the time of the rendition of the decree therein. Conceding that the statements of both court and counsel are ambiguous and capable of another interpretation, all presumptions must be in favor of the conclusion that the trial court took the proper course of asking for a consolidation of the three other cases in order that the issues of fact might be tried together, and without delay, while the plea of *res judicata* was taken under submission as to each of them.

The plea of former adjudication not having been waived, the trial court had before it for determination the question whether the issues raised in the three actions then at issue had been finally determined by the judgment in action No. D65544.

As to case No. D57350, the court found that all matters set up in the plaintiff's affidavit in support of her motion to resist the defendant's application for a final decree of divorce were *res judicata* by reason of the judgment in action No. D65544.

In action No. 306434 the findings made were to the effect that the plaintiff was not the owner of any interest in the described property; that the defendant was the owner by reason of the conveyances and agreements between the parties, approved by the court in action No. D57350, and that, in action No. D65544, the plaintiff had raised the same

issues, which were there fully determined by the court and final judgment rendered thereon which judgment had not been appealed from within the statutory period.

It is objected by the appellant that the judgment in action No. D65544 cannot be *res judicata* as to the quiet title action for the reason that it was rendered in March, 1929, whereas the quiet title action was not commenced until July of 1930. This argument is without merit since the plaintiff's only apparent claim to title is based upon her former interest in joint tenancy and the invalidity of the property settlement, the conveyances and the interlocutory decree in action No. D57350. She has proved no acquisition of title since the rendition of the decree in action No. D65544.

The court found, in action No. D92871, that, not at the instance and request of the defendant, but as her own voluntary and independent acts, the plaintiff instituted action No. D57350, seeking a divorce decree, employed a new attorney and caused the case to be reopened and the property settlement to be incorporated in the interlocutory decree and commenced a new action, numbered No. D65544, which was heard and determined in favor of the defendant; that the judgment rendered therein had never been appealed from and had become final and binding; that during all this time the plaintiff was not unable to comprehend the nature of her acts due to physical and mental illness but was fully competent to understand the matters involved in both actions; that, in action No. D65544, the court fully found upon her competency and mental condition and that all the allegations of the answer setting up the plea of *res judicata* and alleging that all the matters sought to be presented here were adjudicated in action No. 65544 were true.

The complaint and findings in action No. D65544 have not been brought up. In this state of the record it must be presumed that the identical issues were determined therein, as found by the court in the three cases here under review. Nor, except as above noted with regard to action No. 306434, does the appellant contend that issues were here raised which were not passed upon in action No. D65544. The findings on the issue of *res judicata*, together with the additional finding, made in action No. D92871 in which it was sought to set aside the decree in action No. D65544, that the plaintiff

was competent at the time of the rendition of that decree, are a complete support of the judgments here appealed from.

The appellant complains the trial court improperly made additional findings on the facts as shown by the evidence. These findings were obviously made by the trial court out of an abundance of caution and in an effort to finally dispose of all issues in this confusing series of cases. While unnecessary and immaterial, it is impossible to see how the appellant can have been prejudiced thereby.

The appellant moved for a new trial in each of the cases, asserting in her affidavits in support of the motion that the trial court improperly restricted her evidence as to reconciliation and incompetence to a time subsequent to the interlocutory decree, that the determination of the case upon the plea of *res judicata* rather than upon the merits constituted accident and surprise which could not have been guarded against and that it was error to hold the decree in No. D65544 was *res judicata* as to the quiet title action. The appellant attempted to appeal separately from the order denying her motions for new trial. Such an order is not appealable but is reviewable upon appeal from the judgment. From the conclusions reached above it will be seen that the motions for new trial were properly denied.

The motion to withdraw and correct the record is denied. The motion to dismiss is granted as to the appeals from the judgment in No. D65544 and from the order denying the motions for new trial. It is denied as to the appeals from the judgments in cases numbered D57350, D92871 and 306434. The judgments in cases No. D57350, No. 92871 and No. 306434 are affirmed.

Seawell, J., Shenk, J., Langdon, J., and Waste, C. J., concurred.