Filed 12/27/24  U.S. Bank National Association v. Sepehry-Fard CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR GREENPOINT MORTGAGE TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-AR2,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>FAREED SEPEHRY-FARD,<br><br>Defendant and Appellant. | H049806<br>(Santa Clara County<br> Super. Ct. No. 17CV314286) |

In September 2016, a trial judge struck Fareed Sepehry-Fard's motion to disqualify her, reasoning that she could act because Sepehry-Fard's "statement of disqualification on its face disclose[d] no legal grounds for disqualification."  (See Code Civ. Proc., §§ 170.3, subd. (c)(5), 170.4, subd. (b).)[1]  On the same day, the trial judge granted a motion to declare Sepehry-Fard a vexatious litigant and entered a vexatious litigant prefiling order, which among other things generally prohibits Sepehry-Fard from filing any new litigation in California courts (including appeals arising from actions he initiated) unless he is represented by counsel or secures approval of the presiding justice

_____

[1] Undesignated statutory references are to the Code of Civil Procedure.

or presiding judge of the court in which the action is filed.[2] (See §§ 391, 391.7) Sepehry-Fard appealed the disqualification ruling, the vexatious litigant designation, and the prefiling order in *Sepehry-Fard v. Select Portfolio Servicing Inc. et al.*, case number H044635, but his appeal was dismissed.

Years later and in another case, Sepehry-Fard applied for vacation of the prefiling order and his removal from the Judicial Council's vexatious litigant list.[3] Under section 391.8, subdivision (a), the judge who had issued the prefiling order considered the application and denied it. Sepehry-Fard nominally appeals from the denial, but the basis for his appeal is his contention that the trial court improperly denied his 2016 disqualification motion and, as a result, any order she entered involving him in any case after the disqualification motion is void. Sepehry-Fard's appeal thus also "challenges . . . the propriety of the prefiling order itself." (*In re Marriage of Rifkin & Carty* (2015) 234 Cal.App.4th 1339, 1346.)

But the denial of his application to vacate the vexatious litigant designation does not permit Sepehry-Fard to renew his original challenge to the propriety of those rulings. Nor has he substantiated his insistence that the trial judge was, or appeared, biased or corrupt. We affirm the trial court's denial of Sepehry-Fard's application to vacate.

## I.    BACKGROUND

As the plaintiff in case number 16CV296244, Sepehry-Fard filed a statement of disqualification against the judge presiding in his case. Various defendants sought a declaration that Sepehry-Fard was a vexatious litigant and requested a prefiling order. In September 2016, the judge struck the statement of disqualification, declared Sepehry-Fard a vexatious litigant, and imposed a prefiling order. Sepehry-Fard filed a

---

[2] The September 2016 orders were entered in *Sepehry-Fard v. Select Portfolio Servicing, Inc., et al.*, Santa Clara County Superior Court case number 16CV296244.

[3] Sepehry-Fard's application is not in the appellate record.

notice of appeal from all three orders. In 2017, this court denied his request to initiate the appeal.

As the plaintiff in *Sepehry-Fard v. Nationstar Mortgage, LLC, et al.*, Santa Clara County Superior Court case number 17CV310716, Sepehry-Fard filed an application to vacate the prefiling order and remove him from the vexatious litigant list. (Respondent U.S. Bank National Association (U.S. Bank) is among the defendants Sepehry-Fard named in that action.) In 2022, the original judge who entered the prefiling order denied Sepehry-Fard's application with a caption bearing the 16CV296244 case number.

Sepehry-Fard filed a timely notice of appeal—not as the plaintiff in 17CV310716 or 16CV296244, but as the defendant in the related unlawful detainer proceeding, *U.S. Bank National Association v. Sepehry-Fard*, Santa Clara County Superior Court case number 17CV314286. The notice of appeal bore the caption of the unlawful detainer proceeding but attached the order denying his application to vacate the prefiling order.

Citing *John v. Superior Court* (2016) 63 Cal.4th 91, Sepehry-Fard contended that the prefiling order did not require the presiding justice's approval of this appeal, because he was sued as a defendant. This court allowed the appeal to proceed.

For the record on appeal, Sepehry-Fard designated only documents from the unlawful detainer proceeding. But in his briefing, he identified himself as the plaintiff and respondent U.S. Bank, among others, as a defendant. His caption identified all three lower court case numbers—16CV296244, 17CV310716, and 17CV314286.

One result of Sepehry-Fard's election is that the clerk's transcript for this appeal—29 volumes spanning over 8,000 pages—consists exclusively of documents from the unlawful detainer proceeding but none from the actions in which either the September 2016 or January 2022 motions were litigated.[4] U.S. Bank, the plaintiff in case number

---

[4] Sepehry-Fard makes only passing reference to the appellate record in his brief, and then only to a brief he filed in another appeal—citing his own prior argument as

17CV314286 and a defendant in case number 17CV310716, is the only party that has appeared as a respondent in this appellate proceeding.

## II. DISCUSSION

### A. *Jurisdiction*

Sepehry-Fard challenges the trial court's subject matter jurisdiction on the ground that U.S. Bank lacks standing to sue him. We have rejected this same argument on the merits in his companion appeal, case number H049652. We note as well that his jurisdictional challenge is inapt here: Even if subject matter jurisdiction over the unlawful detainer were lacking, he chose to appeal in that proceeding even though the challenged orders arose in other actions—actions subject to the prefiling order but not *John v. Superior Court*, *supra*, 63 Cal.4th 91. His jurisdictional argument, then, could implicate the propriety of his appeal but not the propriety of the appealed orders.

Sepehry-Fard's jurisdictional challenge does underscore the irregularity of his repurposing U.S. Bank's unlawful detainer complaint to circumvent the prefiling order. His approach thus presents a section 391.7 prefiling question, albeit one that the presiding justice of this court had discretion to allow before record preparation or merits briefing. We do not consider this a jurisdictional question: Sepehry-Fard timely filed his notice of appeal, and the trial court's order denying Sepehry-Fard's application is appealable. (§ 904.1, subd. (a)(6); *Luckett v. Panos* (2008) 161 Cal.App.4th 77, 90.) "While the timely filing of a notice of appeal is an absolute jurisdictional prerequisite [citations], technical accuracy in the contents of the notice is not." (*K.J. v. Los Angeles Unified School Dist.* (2020) 8 Cal.5th 875, 882–883, fn. omitted.) Once filed, the notice of appeal " 'is to be construed liberally in favor of its sufficiency,' " so a reviewing court must "evaluate whether the notice, despite any technical defect, nonetheless served its basic

---

record support for his current argument. Otherwise, Sepehry-Fard relies principally on documents he attached to motions to augment the record.

function—to provide notice of who is seeking review of what order or judgment—so as to properly invoke appellate jurisdiction." (*Id.* at p. 883.) This is intended to " ' "protect the right of appeal if it is reasonably clear what [the] appellant was trying to appeal from, and where the respondent could not possibly have been misled or prejudiced" ' " and "to 'implement the strong public policy favoring the hearing of appeals on the merits.' " (*Id.* at p. 882; see also *Kellett v. Marvel* (1936) 6 Cal.2d 464, 471 ["notices of appeal are liberally construed to preserve the right of review unless it appears that the respondent has been misled"].)

Sepehry-Fard's decision to file the notice of appeal under the unlawful detainer case number did not undermine the notice's basic function: it still provided notice that Sepehry-Fard was seeking review of the trial court's order denying his application to vacate.

**B.** *Appellate Motions*

**1.** *Sepehry-Fard's Motions to Augment*

Sepehry-Fard filed two motions to augment, which this court construed as requests for judicial notice and deferred for consideration with the appeal. After the close of briefing, Sepehry-Fard filed a third motion to augment. We will grant Sepehry-Fard's November 16, 2023 motion in part and deny his November 20, 2023 and August 20, 2024 motions.

On appeal, we generally only consider matters that were part of the record at the time the trial court issued the challenged order. (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3; see also *Estate of Sanchez* (2023) 95 Cal.App.5th 331, 336, fn. 5 [explaining that courts have "discretion to augment the record with materials that were before the trial court when it issued the order on appeal"].) Reviewing courts "may take judicial notice of appropriate materials under Evidence Code section 451 et seq., where relevant to a material issue on appeal" (*Estate of Sanchez*, at p. 336, fn. 5), but "generally do not take judicial notice of evidence not presented to the

trial court absent exceptional circumstances" (*In re K.M.* (2015) 242 Cal.App.4th 450, 456). Where appropriate, courts may "take judicial notice of the *existence* of each document in a court file, . . . [but] not . . . the truth of hearsay statements in decisions and court files. [Citation.] Courts may not take judicial notice of allegations in affidavits . . . in court records because such matters are reasonably subject to dispute and therefore require formal proof." (*Lockley v. Law Office of Cantrell, Green, Pekich, Cruz & McCort* (2001) 91 Cal.App.4th 875, 882 (*Lockley*).)

First, Sepehry-Fard requests augmentation with his earlier motion for "summary reversal" (boldface & capitalization omitted) in this appeal, which this court denied. Although the denial was without prejudice to Sepehry-Fard raising issues in his merits briefing, the motion itself has no relevance to the issues on appeal, as it came after the order Sepehry-Fard challenges. But construing the motion as a request for judicial notice of various exhibits, we will grant the request as to the following documents relevant to this appeal: (1) The September 30, 2016 order striking Sepehry-Fard's statement of disqualification; (2) the September 30, 2016 order granting a defense motion to declare Sepehry-Fard a vexatious litigant, require Sepehry-Fard to furnish a security, and impose a prefiling order; and (3) the September 30, 2016 prefiling order. We otherwise deny the request.[5]

Second, Sepehry-Fard requests augmentation with transcripts from hearings in September and November 2016 in a federal bankruptcy action in which he unsuccessfully objected to the disposition of certain proceeds from a sale of real property. We discern

---

[5] We note that the exhibits to the motion for summary reversal include several affidavits Sepehry-Fard apparently attached to a document titled "Plaintiff's Affidavit of Truth and Statement Regarding Request for Entry of Default and Default Judgment to be Entered by the Clerk of Court." (Boldface & some capitalization omitted.) Assuming these documents are court records, Sepehry-Fard does not demonstrate that they were before the trial judge ruling on the application, nor may we take judicial notice of the truth of the allegations within them.

no viable nexus between the bankruptcy proceeding and Sepehry-Fard's appellate arguments. Contrary to Sepehry-Fard's assertions, the transcripts have no tendency to show the trial judge he sought to disqualify was part of a larger conspiracy to prevent Sepehry-Fard from seeking redress in any forum for issues related to a sale of property in connection with the bankruptcy. To the extent Sepehry-Fard would have us take judicial notice of the transcripts for the truth of hearsay statements made at the hearing, we cannot do so. (*Lockley*, *supra*, 91 Cal.App.4th at p. 882.) We therefore deny the November 20, 2023 motion.

Third, Sepehry-Fard requests augmentation with many documents dating from 2016 to 2017 to support his assertion that money rightfully his was embezzled in the bankruptcy proceeding. Sepehry-Fard's theory of relevance to this appeal is that the trial court—by declaring him a vexatious litigant in his 2016 state action—aided and abetted the embezzlement in the bankruptcy proceeding. But augmentation would be improper because Sepehry-Fard has not shown that these records were before the trial court in connection with any of the relevant rulings.[6] And judicial notice would be improper because Sepehry-Fard has not shown how any properly noticeable facts in these

---

[6] In what he styles as a supplemental motion to strike U.S. Bank's opposition to this motion to augment, Sepehry-Fard requests judicial notice of (1) the brief and (2) request for judicial notice he claims to have filed in opposition to the 2016 motion to declare him a vexatious litigant and impose a prefiling order. As we understand it, the purpose of this filing is to show that certain documents were placed before the trial court and that the trial judge erred in deeming Sepehry-Fard a vexatious litigant to such an extent that she herself is implicated in "fraud[]." Even if we were to overlook the procedural impropriety of this late request for judicial notice (see Cal. Rules of Court, rule 8.252(a); *Mangini v. R. J. Reynolds Tobacco Co.* (1994) 7 Cal.4th 1057, 1064 ["Requests for judicial notice should not be used to 'circumvent[]' appellate rules and procedures, including the normal briefing process"], overruled on another ground in *In re Tobacco Cases II* (2007) 41 Cal.4th 1257, 1276), neither document is file stamped or bears other proof of filing. So we deny the "supplemental" motion.

documents are relevant to the present appeal.  We deny the August 20, 2024 motion to augment.

### 2. *Sepehry-Fard's Other Motions*

Sepehry-Fard moved to strike U.S. Bank's merits brief, its opposition to two of his motions to augment, and its request for oral argument, each time requesting sanctions. The premise of Sepehry-Fard's motions is that U.S. Bank—the plaintiff in the case number he appealed from—has no right to sue him (and, he adds, U.S. Bank's attorney has no right to represent it).  But U.S. Bank's standing to sue Sepehry-Fard and any other issues relating solely to the unlawful detainer action are irrelevant to this appeal. Moreover, Sepehry-Fard's contention that U.S. Bank does not exist is belied by his own evidence.  And Sepehry-Fard's other arguments—including those about the opportunities he has foregone due to the time he has spent engaged in litigation, his suggestion that his litigation opponents (and possibly also judges who have ruled against him) are subject to the death penalty, and his expatriation by declaration out of the "UNITED STATES, a federal corporation"—do not support his request to strike U.S. Bank's filings or otherwise further our review of the challenged order.

We deny Sepehry-Fard's November 28, 2023 motion to strike, December 13, 2023 motion to strike, August 21, 2024 motion to strike, August 26, 2024 motion to strike, and August 26, 2024 supplemental motion to strike U.S. Bank's request for oral argument, together with all associated requests for sanctions.

### C. *Sepehry-Fard's Claim of Bias and His Challenge to the Order Striking his Statement of Disqualification*

Sepehry-Fard contends that the denial of his application to vacate is void because the judge had no authority to act.  In his view, the judge lacked authority because he had disqualified her and filed "many crime reports against" her due to her "repeated

misconduct."[7]  Alluding to the same judge's order striking his statement of disqualification, Sepehry-Fard contends that the order is trumped by notarized affidavits he collected charging the trial judge with bias against him.  Further, Sepehry-Fard argues that the imposition of the prefiling order shows the courts to be helping attorneys and "quasi actors" steal Sepehry-Fard's land and money.[8]  Sepehry-Fard's appeal, however, suffers from two independent defects.

First, as procedural matter, the merits of the September 2016 order striking his statement of disqualification and the contemporaneous prefiling order cannot now be challenged:  The disqualification issue was cognizable only by a timely petition for writ of mandate (§ 170.3, subd. (d)), and the prefiling order became final in 2017, precluding him from challenging it again now (see *Estate of Sapp* (2019) 36 Cal.App.5th 86, 100 [explaining that dismissal of appeal with prejudice had the effect of affirming a judgment, so the appellant was barred from challenging the judgment in any other appeal]).[9]

Second, we have no record of the content of his later application to vacate that order or of the arguments he raised in the trial court.  So the record he designated does not establish that he preserved any of his contentions for appeal.  (See *Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 186, fn. 2; see *id.* at pp. 186–187; see also *Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.)

---

[7] Sepehry-Fard contends that the trial judge was disqualified by virtue of a pending criminal indictment or information.  (See Cal. Const., art. 6, § 18, subd. (a).)  Accepting that Sepehry-Fard called for the trial judge's prosecution, there is no indication that his call was heeded.

[8] Sepehry-Fard asserts that the trial judge "is being controlled" and is "temporally dead and or utterly corrupt."  Sepehry-Fard surmises that funds he maintains were embezzled from him in the 2016 bankruptcy proceedings, were wired to "unknown accounts" which "most likely" belonged to the trial judge and to a United States district judge who had also designated him a vexatious litigant.

[9] We reject Sepehry-Fard's unsupported assertion that he can challenge the disqualification ruling at any time.

We nevertheless observe that the records Sepehry-Fard has since asked us to consider do not support his assertions. He proffers the opinions of a handful of affiants—opinions judicial notice would not permit us to consider. (See *Lockley*, *supra*, 91 Cal.App.4th at p. 882.) Even if we could treat these opinions as a proper matter for judicial notice, they are conclusory and lacking in factual foundation. And nothing in the transcript of a January 2020 hearing in another action suggests any impropriety by the trial judge.[10]

The trial judge was not disqualified from ruling on Sepehry-Fard's application to vacate.[11] Sepehry-Fard was not deprived of his right to present the application to an unbiased judge. We reject Sepehry-Fard's challenges to the order.[12]

---

[10] Sepehry-Fard did not include the transcript in our record or make a proper request for judicial notice (see Cal. Rules of Court, rule 8.252), but instead noted in his briefing that the transcript was in the record of another of his appeals. Nevertheless, we have reviewed it.

[11] Sepehry-Fard suggests that the trial judge denied his application to thwart his attempts to secure discovery as an unlawful detainer defendant. But Sepehry-Fard has not supported this assertion by explaining how the prefiling order would preclude him from requesting discoverable matter and, as needed, requesting prefiling authorization for new litigation under section 391.7, subdivision (b).

[12] Beyond challenging the order, Sepehry-Fard asks that we award him damages for what he characterizes as (1) the trial judge's deprivation of his rights under color of law (18 U.S.C. §§ 241, 242) and (2) the ruination of what would have been the 12 "best years" of his life. Sepehry-Fard also asks us to award him damages arising out of the foreclosure on a property in Saratoga. These claims are both beyond the scope of an appeal and unsupported by the record. To the extent there remain points in Sepehry-Fard's briefing we have not specifically addressed, we have "exercise[d] our discretion to consider arguments for which we can discern a legal or factual basis in the briefs." (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 153.) " 'We are not obliged to make other arguments for [appellant] [citation], nor are we obliged to speculate about which issues [appellant] intend[ed] to raise.' " (*Ibid.*)

## III.  DISPOSITION

We affirm the January 18, 2022 order denying Sepehry-Fard's application to vacate the prefiling order and remove him from the Judicial Council's vexatious litigant list.

_____

LIE, J.

WE CONCUR:

_____

GROVER, Acting P. J.

_____

DANNER, J.

*U.S. Bank National Association v. Sepehry-Fard*
H049806