[L. A. No. 1596.   In Bank.—February 7, 1905.]

## LUCILLE D. GAY, Respondent, v. JOHN H. GAY, Appellant.

DIVORCE—ALIMONY PENDING APPEAL—DISCRETION.—Upon appeal by the wife from an interlocutory decree of divorce granted to the husband, the superior court has discretion to require the husband to pay the wife such an amount as may be necessary for her support pending the appeal, and its order making the allowance will not be disturbed upon appeal of the husband therefrom if no abuse of discretion appears.

ID.—GOOD FAITH OF WIFE'S APPEAL, HOW DETERMINED.—The question of the good faith of the wife's appeal and the merit thereof is not to be determined solely upon the inspection of the judgment-roll; but is to be determined upon the showing made in the court granting the allowance upon which the order was based. Where the wife's affidavit stated that the appeal was taken in good faith and upon the advice of her attorney, and showed proceedings pending on motion for a new trial upon a proposed bill of exceptions and affidavits, the court had the right to take all the facts, and the right of the wife to use the settled bill of exceptions on appeal from the judgment, into consideration in determining the question of good faith and merit.

ID.—JUDICIAL NOTICE OF FORMER PROCEEDINGS—SHOWING GOOD FAITH. —Upon the question of good faith of the wife this court will take judicial notice of former proceedings instituted by her in this court to compel the settlement of a bill of exceptions which the court had refused to settle, and of other proceedings in this case bearing generally on the same subject.

ID.—PREVIOUS DENIAL OF ALIMONY—NEW FACTS—RES ADJUDICATA INAPPLICABLE.—The court was not precluded from allowing alimony pending the appeal taken from the judgment by reason of a previous denial of a motion for alimony pending an appeal about to be taken. The doctrine of *res adjudicata* is inapplicable to

motions in a pending action; and the court had discretion to entertain a new motion for alimony pending the appeal taken, upon new facts stated, notwithstanding the denial of the former motion was without prejudice to a renewal of it, "in case a motion for new trial is made and denied."

ID.—ALLOWANCE OF LUMP SUM IN ADVANCE—DENIAL OF ALIMONY IN DECREE—DISCRETION OF COURT—REASONABLE ALLOWANCE.—Where the court had discontinued temporary alimony by the interlocutory decree, it had discretion to order a lump sum to be paid after the appeal taken, in order that she might be placed in such a situation that in the future she would be enabled to live upon the monthly allowance made, which was at a considerably less rate than had been previously allowed for temporary alimony prior to the decree, it appearing that the whole allowance made, including the lump sum, was very reasonable and moderate, in view of the wealth of the husband and the indigent circumstances of the wife.

APPEAL from an order of the Superior Court of San Diego County allowing alimony pending appeal from an interlocutory decree of divorce. E. S. Torrance, Judge.

The facts are stated in the opinion of the court.

L. L. Boone, and Oscar A. Trippet, for Appellant.

Valentine & Newby, and Victor E. Shaw, for Respondent.

LORIGAN, J.—This is an appeal from an order, made after judgment rendered in favor of defendant, requiring him to pay plaintiff certain amounts of money for her maintenance pending her appeal in the action to this court.

The action was commenced by plaintiff to obtain a divorce on the ground of extreme cruelty. Defendant answered denying the allegations of the complaint, and filed a cross-complaint asking that he be granted a divorce from plaintiff upon similar grounds. Pending the trial of the cause the court made an order requiring defendant to pay plaintiff two hundred and fifty dollars per month for her maintenance, and the cause having been subsequently tried, judgment was entered denying plaintiff's application for a divorce, and an interlocutory judgment was rendered in favor of the defendant, declaring him entitled to a divorce upon his cross-complaint, and in such interlocutory judgment, among other things, it was decreed that the order theretofore made requiring defendant to pay alimony of two hundred and fifty

dollars per month to plaintiff be vacated and set aside. This judgment was entered October 29, 1903.

On January 8, 1904, plaintiff applied to the lower court for an order requiring defendant to pay for her maintenance, pending an appeal in the action, which she represented she intended to take, but which had not actually been taken. This motion was denied without prejudice to its renewal.

Thereafter plaintiff filed and served her notice of appeal from the judgment, together with an undertaking on appeal, and on January 16, 1904, renewed her application for an order for maintenance pending the appeal. Upon the hearing, in addition to other evidence presented upon the motion, was the affidavit of plaintiff which, aside from showing her indigent circumstances, stated (which was not denied) that she had on the third day of December, 1903, filed a notice of intention to move for a new trial in said action; that within the time allowed by law and the extension granted by the court and on January 11, 1904, she had served her bill of exceptions and filed affidavits to be used on motion for a new trial, but that said bill of exceptions had not then been settled and said motion for a new trial had not been then heard; that she had appealed from the judgment and interlocutory decree in good faith and intended to prosecute the same with diligence in this court; and that she was advised by her attorneys that she had good and sufficient grounds for such appeal. Thereafter the court made an order directing the defendant to pay plaintiff for her maintenance, pending the appeal, one hundred dollars on February 15, 1904, and one hundred dollars a month on the 15th of each succeeding month until further order of the court, and then further recited and provided that "it appearing to the court that plaintiff has received no alimony from the defendant since the fifteenth day of October, 1903, under the order of this court dated December 11, 1902, or otherwise, it is ordered that said payments of one hundred dollars a month shall date from the fifteenth day of November, 1903, and the said defendant is ordered to pay to the said plaintiff for her support and maintenance the sum of three hundred dollars, on or before the first day of February, 1904, being the amounts due under the terms of this order for the period from November 15, 1903, to February, 1904."

This order was made January 29, 1904, and this appeal is taken from the whole thereof.

The right of the court, pending an appeal, to require the husband to pay the wife such an amount as may be necessary for her support during that period is beyond question. (*Bohnert* v. *Bohnert,* 91 Cal. 431, and cases cited therein.)

Whether alimony pending such appeal shall be granted is a matter resting in the sound discretion of the court, and its action relative to an application therefor will not be disturbed by this court, save when it appears that such discretion has been clearly abused.

We find nothing in the record which would warrant us in disturbing the order upon any of the grounds suggested by appellant, the most pertinent of which will be referred to.

It is insisted that the record does not disclose that the appeal from the judgment was taken in good faith or that it has any merit. We think it does. Counsel is mistaken in his view that this question of good faith, or merit, is to be determined solely from an inspection of the judgment-roll. It is to be determined from the showing made upon the hearing in the lower court and upon which the order was based. The affidavit of respondent states that her appeal was taken in good faith, and upon the advice of her attorney that she had good grounds for appeal from the judgment. Her appeal from the judgment is not necessarily to be heard upon the judgment-roll alone. Her affidavit shows that she had filed a notice of intention to move for a new trial, and in support of it had prepared and served a bill of exceptions and filed affidavits. Upon the appeal from the judgment, she will be entitled to use the bill of exceptions settled for use on the motion for a new trial, if she so desires. (*Wall* v. *Mines,* 128 Cal. 136; *Vinson* v. *Los Angeles Pacific R. R. Co.,* 141 Cal. 153.) The lower court had a right to take all these matters into consideration in determining the question of good faith and merit. The respondent was not required to demonstrate that her appeal will be successful; she was only required to show to the satisfaction of the lower court that the appeal was taken in the belief, and upon the advice of her attorneys, that she had good grounds to expect a reversal upon all the record which she would be entitled to present to this court upon such appeal. The fact that the judge of the

lower court before whom the case was tried, and who was therefore fully advised of all the proceedings therein, awarded her alimony, is some evidence that he believed there was merit in her appeal and that it was being taken in good faith. If he believed otherwise, he would have denied the motion. In *Bohnert* v. *Bohnert,* 91 Cal. 431, there was not as strong a showing, either as to good faith or a meritorious appeal, as appears in the case at bar, and yet in that case it was held that the record disclosed nothing to justify this court in disturbing the discretion in awarding alimony, pending the appeal, exercised by the trial court in that case, and in our judgment there is less warrant for doing so in the case at bar.

And, in passing, it may be said that this court will take judicial notice of proceedings had before us in this case which show that respondent has endeavored, in the apparent good faith with which the lower court found she was actuated in taking her appeal, to have her bill of exceptions settled to be used for all purposes for which it would be available to her, even to the extent of applying for and obtaining a writ of mandate from this court, compelling the judge of the lower court who tried the case, and before whom the matter of settling the bill was pending, and who had refused to do so, to proceed to settle it. (*Gay* v. *Torrance,* 143 Cal. 14.)

And other proceedings in this court bearing generally upon the same subject: *Gay* v. *Torrance,* 143 Cal. 169; *Gay* v. *Torrance,* 145 Cal. 144.

It is contended that the court was precluded from making the order appealed from, because of the order of January 8, 1904, denying the application for alimony previously made; that the matter was *res adjudicata.* The doctrine of *res adjudicata* has no application to motions in a pending action, nor is it of moment, that in denying the former application, the court did so without prejudice to a renewal of the motion, "in case a motion for a new trial is made and denied by this court." The court did not thereby preclude itself from entertaining a motion subsequently made, before the disposition of the motion for a new trial, if it thought proper to do so. A renewal of the motion, supported by no additional evidence, might have afforded sufficient reason for the refusal of the court to again entertain it. But where a motion is renewed, based upon new evidence, it is within the dis-

CXLVI. Cal.—16

cretion of the court to entertain it. When the application, which was denied on January 8, 1904, was made, no appeal from the judgment had been perfected by plaintiff. The subsequent motion, upon which the order in question is based, was made after such appeal was perfected, and the bill of exceptions on motion for a new trial served and the affidavits filed. This latter motion was made under a new state of facts, which in the judgment of the court warranted it in again entertaining the motion, and it had the discretion to do so. (*Johnson* v. *Brown,* 115 Cal. 697.)

It is further insisted by appellant that the court erred in making an allowance of three hundred dollars to respondent; that such an allowance was in the nature of a reimbursement for the cost of her past support, and that under the provisions of section 137 of the Civil Code the court was only authorized to make an allowance for future support. We are cited to *Loveren* v. *Loveren,* 100 Cal. 494, as supporting this view. The appeal in that case, however, involved the validity of an order of the lower court directing the defendant, on motion for that purpose, to repay plaintiff certain costs and expenses of the action, which she had incurred and paid. The order was reversed by this court, but the reversal was based upon the fact that the expenses for which she sought reimbursement had been actually paid with means derived from her separate estate, or upon her own credit. But in disposing of the matter the court further said: "Such an allowance can only be granted as to expenses necessary to be incurred in the future prosecution, or defense of the action, and cannot be made for the payment of past expenses, except where such payment is necessary to be made in order to enable the wife to further prosecute or defend her case."

If, then, it be conceded that, by parity of reasoning, the rule laid down in *Loveren* v. *Loveren,* with reference to reimbursement for costs and expenses of the wife in an action of divorce, should apply to an application by the wife for support and maintenance, still, in the case cited, the rule that payments for past expenses shall not be allowed, is not absolute, but is subject to the qualification that such an order may be made whenever it appears that such payment is necessary to enable the wife to further prosecute or defend her case. And the same qualification to the rule should apply to appli-

cations by the wife for support. If it should appear to the court that it was necessary, in order to insure the support of the wife upon the amount to be paid to her periodically in the future, that existing wants or expenses incurred by her should be provided for, the court, within the qualification announced above, would have the right to do so.

And we think it is a fair and reasonable inference to be deduced from the terms of the order in question, that the court deemed it necessary to make provision for the payment immediately (within three days after the order) of a lump sum of three hundred dollars, in order that the respondent might be placed in a situation so that in the future she would be enabled to live upon the allowance provided to be paid her. This application was made in the same court, and before the same judge who had tried the main cause, and who was familiar with all the facts and circumstances relative to the parties, and he no doubt took into consideration the fact that the court had previously judicially decided that two hundred and fifty dollars per month was a reasonable amount to be paid respondent for her support; that this order had been expressly vacated in the judgment; that in the interim between the entry of the judgment and the making of the present order the respondent was in indigent circumstances, and depending upon the charity of her relatives; that necessarily being without means, she must have been restricted in supplying herself with many things suitable to her condition in life, —apparel and such incidentals as were necessary to her comfortable support,—or that, if these things were supplied, they must have been obtained upon credit, asked and extended on the faith of a subsequent allowance to be made by the court to meet them. That under this state of circumstances it would be only proper for the court to make an immediate allowance in gross, adequate to meet present actual wants arising therefrom, or to wipe out her indebtedness and restore her credit, or for both purposes. By doing this, in the first instance, the court realized that it would relieve her from embarrassment through existing wants or present indebtedness, obviate the necessity of devoting any part of the future allowance to pay such indebtedness, and so enable her to live in the future upon the allowances provided for that purpose, and, in addition to this, to provide her with means for her

support from the date of the order (January 29th) to February 15th, when payment of her future monthly allowance was, by its terms, then to commence. While it is true that the terms of the order recite that respondent had received no alimony since October (which was a payment under the old order up to November 15, 1903) and that payment of one hundred dollars per month should date from November 15th, we are satisfied that this was but a recital of a reason, and the specification of a monthly amount, which the court deemed should be taken as the basis for making the substantive part of the order awarding a gross amount to provide for her present wants and necessities, in order to insure her proper support in the future, from the payment of the future allowances. When we take into consideration that the defendant is the owner of property of the value of four hundred thousand dollars, and in receipt of a monthly income of five hundred and fifty dollars, the allowance to respondent of one hundred dollars per month is quite reasonable, and was doubtless placed at that figure because the court, having provided for her relief from present embarrassment by the award of three hundred dollars, considered that, so relieved, she would in the future be able to support herself on her moderate monthly allowance.

Some point is made upon the rulings of the court relative to the admission and rejection of evidence upon the hearing of the motion, which we think untenable and requiring no discussion.

We find nothing in the record which would warrant a reversal of the order, and it is therefore affirmed.

McFarland, J., Van Dyke, J., Henshaw, J., Angellotti, J., and Shaw, J., concurred.