[L. A. No. 13200. In Bank.—December 11, 1934.]

MARION CLARA KELLETT, Appellant, v. THOMAS N. KELLETT, Respondent.

Marion Clara Kellett, *in pro. per.*, L. H. Phillips, Chas. R. Thompson, C. C. Caswell, A. Edward Nichols, R. C. W. Friday, J. Paul Elliott, James R. Jaffray and George D. Higgins for Appellant.

Wm. M. Morse, Jr., Morse & Shoop, George R. Maury and C. S. Wagner for Respondent.

CURTIS, J.—This is an appeal from an order denying appellant's application for costs on appeal, attorney's fees and alimony *pendente lite.* Plaintiff brought an action for divorce, and judgment therein was granted on the default of the defendant failing to answer. A property settlement between the parties was agreed upon, and this agreement was incorporated in and made a part of the interlocutory decree of divorce. Thereafter the plaintiff, who is the appellant herein, moved to set aside said interlocutory decree and property settlement under section 473 of the Code of Civil Procedure. This motion was denied, and on appeal the order of denial was affirmed. (*Kellett* v. *Kellett,* 110 Cal. App. 691 [294 Pac. 755].) After the affirmation of said order by the District Court of Appeal, the defendant in said action made application for a final decree, which application plaintiff opposed. Said application, together with plaintiff's objection thereto, came on for hearing, and was decided adversely to plaintiff. Plaintiff made a motion for a new trial and while the same was pending applied to the court for costs and attorney's fees for the prosecution of said motion and for support and maintenance. Upon the hearing of that application, the court ordered defendant to pay plaintiff the sum of $200 as and for attorney's fees and costs of obtaining certain portions of the transcript to be used on said motion for a new trial. From this order the defendant appealed, and our information is that that appeal is now pending before the District Court of Appeal of the Second District. Notwithstanding that appeal, which stayed the order of the court directing defendant to pay said sum of $200 to plaintiff, plaintiff prepared and presented her motion for a new trial, which motion the court denied. From the order denying this motion the plaintiff

has appealed, and this appeal, as we are informed, is now pending before the District Court of Appeal of the Second District. After the taking of this appeal from the order denying her a new trial, the plaintiff moved the trial court for an order for attorney's fees, costs and alimony pending said appeal, said attorney's fees and costs to apply both for services and expenses of plaintiff in her appeal from said order denying her a new trial and in resisting defendant's appeal from the order directing him to pay plaintiff said sum of $200. The court denied this motion of plaintiff for attorney's fee, costs and alimony, and plaintiff appealed from the order denying said motion. This appeal is now before us, and is the only matter which we have to consider at this time.

The evidence taken at the hearing of said motion was principally by means of affidavits. There was but slight, if any, conflict in this evidence. By affidavit, plaintiff showed her necessitous condition, and that she was without money either to support herself or to prosecute her appeal. The only denial of this evidence was the affidavit of defendant made upon information and belief. ▮ As evidence, an affidavit made upon information and belief is hearsay and no proof of the facts stated therein. (1 Cal. Jur., sec. 17, p. 672, and supporting authorities cited.) As to defendant's ability to pay for plaintiff's support and the costs of her appeal, the evidence was also free from conflict. ▮ Defendant admitted that he was the owner of property of the value of $25,000, subject to an encumbrance of $1500 on one small portion thereof. He also testified that he was in receipt of a salary of $550 per month. This showing was sufficient to support an order granting to plaintiff reasonable support and costs on appeal. In fact, it may be said that such evidence would ordinarily have compelled the granting of said order unless there were other facts and circumstances before the court which influenced its action and led it to a different conclusion.

▮ It is well settled that the granting of alimony and costs pending appeal rests in the sound discretion of the trial court and its action relative to an application therefor will not be disturbed by a reviewing court unless it is shown that the court has abused such discretion. (*Gay* v. *Gay*, 146 Cal. 237 [79 Pac. 885].) ▮ While it is within the

power of a trial court after an appeal from a judgment granting the husband a divorce to allow to the wife costs and alimony pending the appeal (*Dunphy* v. *Dunphy*, 161 Cal. 87 [118 Pac. 445]), the right of the defeated wife to prosecute her appeal at the expense of her husband is not an absolute right. (*Stewart* v. *Stewart*, 156 Cal. 651 [105 Pac. 955].) Furthermore, it was held in that case (p. 656) that, "where the trial court is satisfied from the record before it, that the proposed appeal is not taken in good faith, or with reasonable belief that it has merit (*Gay* v. *Gay*, 146 Cal. 237 [79 Pac. 885], the application should be denied".

■ In passing upon the trial court's denial of plaintiff's motion for costs on appeal and for maintenance pending appeal, it is proper to take into consideration not only the particular action that was then before the court but other proceedings before said court relative to the marital and property rights of the parties hereto. It is not necessary to here set forth in detail a statement of this extended and apparently bitter litigation which began soon after the marriage of these parties in 1925. It is sufficient to state that, in one way or in another, the issues growing out of plaintiff's attempt to set aside said divorce decree and to vacate the property settlement between herself and husband had, before the decision in the present proceeding, been before the trial court in four or five separate and distinct · trials. In the trial of one of these former proceedings, the court spent eight or nine days and carefully reviewed every phase of plaintiff's claim to have the divorce and property settlement set aside. In that, as in all of the other of these proceedings, the trial court decided against the plaintiff and refused her any relief whatever. The trial court in passing upon plaintiff's motion for costs and alimony on appeal undoubtedly took into consideration the history of the litigation between the plaintiff and defendant and the fact that the result of said litigation had been uniformly unfavorable to plaintiff. With the record of all these proceedings before it, the trial court may well have questioned the good faith of the plaintiff in taking said appeal, or at least have been of the opinion that she had no reasonable belief in its merits. In these circumstances it was within its discretion to deny the application of plaintiff for funds to prosecute the appeal. The matter was so wholly in the discretion of

the trial court that in order to set aside its order refusing the application a very strong case must be made out in favor of the plaintiff. We do not find the showing made by plaintiff sufficiently strong to warrant us setting aside the order of the trial court, and for that reason it should be affirmed.

 Plaintiff's motion to withdraw the record herein for correction is hereby denied. The error in the records of which plaintiff complains is that certain papers and other matters which should have been incorporated in and made a part of the reporter's transcript were omitted therefrom and were improperly included in the clerk's transcript. As the clerk's transcript was certified to by the trial judge as well as by the clerk, these matters improperly included in the clerk's transcript may be and were considered by us as properly a part of the record on appeal to the same extent and effect as if they had been physically a part of the reporter's transcript.

The order appealed from is affirmed.

Langdon, J., Shenk, J., Preston, J., Seawell, J., and Waste, C. J., concurred.

Rehearing denied.