[Civ. No. 10436. First Appellate District, Division One.—March 25, 1937.]

MARIAN WITTMAN, Petitioner, v. THE SUPERIOR COURT OF SAN MATEO COUNTY et al., Respondents.

Leo R. Friedman and John P. Beale for Petitioner.

Harry A. McKenzie and Frank J. Mahoney for Respondents.

KNIGHT, J.—The Superior Court in and for San Mateo County granted petitioner's husband, C. William Wittman, Jr., an interlocutory decree of divorce upon the ground of extreme cruelty. There are no children, the issue of the

marriage; and in said decree it was adjudged that the respective parties separately owned certain personal property, described therein, and that petitioner be awarded $3,500 as and for her share of the division of the community property. From said decree petitioner appealed to the Supreme Court, and pursuant to the provisions of section 953a of the Code of Civil Procedure made request for a transcript. Thereupon she obtained an order, based on affidavit, directing that her husband show cause why he should not be required to pay her the following sums of money: $272 to cover the cost of preparation of the transcript on appeal; $150 for the cost of printing the briefs; $500 as attorney's fees for services in presenting the appeal; and $150 a month for her support during the pendency of the appeal. Upon the hearing of the order to show cause the trial court denied petitioner's application for such allowances. She then instituted the present proceeding in *mandamus* in this court to compel the superior court and the judge thereof to make an order directing her husband to pay to her such sum or sums of money as may be reasonable and proper for the purposes above mentioned. In response to the alternative writ respondents filed a demurrer; also an answer wherein certain allegations of the petition are denied, and facts are alleged showing the proceedings had up to the making of the trial court's adverse order.

■ The law is well settled, as petitioner concedes, that the right of a defeated wife to prosecute at the husband's expense her appeal from a judgment granting the husband a divorce, is not an absolute right; that the matter of granting alimony and costs pending appeal rests in the sound discretion of the trial court, and that therefore its action denying an application therefor will not be disturbed save when it clearly appears that such discretion has been abused. (*Stewart* v. *Stewart,* 156 Cal. 651 [105 Pac. 955] ; *Gay* v. *Gay,* 146 Cal. 237 [79 Pac. 885] ; *Kellett* v. *Kellett,* 2 Cal. (2d) 45 [39 Pac. (2d) 203].) ■ Furthermore, it is well established that in passing upon the wife's motion for costs on appeal and maintenance during its determination it is proper for the trial court to take into consideration not only the evidence adduced at the hearing of the motion but also the history of the entire litigation which has taken place between the parties and the circumstances which brought about the un-

favorable result to the wife (*Kellett* v. *Kellett, supra*), including the evidence adduced at the trial upon the merits. (*Newlands* v. *Superior Court,* 171 Cal. 741 [154 Pac. 829].)

In the present case it appears that petitioner filed a cross-complaint asking for a divorce upon the ground of extreme cruelty; that pending trial she was granted $150 alimony and suit money; that at the conclusion of the trial the court made an order directing that she be granted the divorce and $3,500 as her share of the community property; that being dissatisfied with the property award, she moved the trial court to vacate its order, and her motion was granted. Thereupon, it appears, additional testimony was taken, following which the trial court granted the divorce to the husband; and as stated, after making an adjudication of ownership as to certain personal property, again awarded petitioner $3,500 as her share of the community property.

In the present proceeding petitioner has brought to our attention only such evidence as was adduced at the time of the hearing of the application for costs and alimony on appeal, which relates more particularly to the ability of petitioner's husband to pay the amounts applied for, in case the trial court believed that it was a proper case in which such an order should be made. ██ But in determining the merits of petitioner's application the trial court doubtless took into consideration also all of the proceedings which had taken place before it up to the making of the order in question, including the evidence theretofore given at the trial on the merits; and we have no way of knowing from the record before us the character of such proceedings and evidence. Therefore, in view of the specific findings embodied in the trial court's decision, upon the issues of fact relating to the charges of extreme cruelty and as to the property rights, we are not in a position to declare, as a matter of law, that the denial of petitioner's application amounted to an abuse of discretion. As said in *Kellett* v. *Kellett, supra,* with the testimony of the entire litigation before it, including the evidence, the trial court may well have questioned the good faith of the petitioner in taking the appeal, or at least been of the opinion that she had no reasonable belief in its merits; and in these circumstances it was entirely within its discretion to deny the application for funds to prosecute the appeal.

■ Moreover, it would appear that the order complained of is an appealable order. (*Kellett* v. *Kellett, supra.*) The writ is denied and the proceeding dismissed.

Tyler, P. J., and Cashin, J., concurred.