[Civ. No. 6647.   Third Dist.   Dec. 29, 1941.]

NINA FALK, Respondent, v. CHARLES C. FALK, Appellant.

Hill & Hill, H. L. Preston and Harry W. Falk, Jr., for Appellant.

Edwin V. McKenzie and Frank J. Mahoney for Respondent.

THE COURT—The defendant has appealed from an order allowing plaintiff alimony *pendente lite* and anticipated costs on three appeals from an interlocutory decree of divorce which was rendered in her favor on the grounds of adultery and extreme cruelty.

The appellant contends that the court abused its discretion in allowing plaintiff $200 per month as alimony *pendente lite,* and $576.50 as costs for the three appeals, since the evidence shows that she has adequate income from her own property, and that the allowances were therefore unnecessary. It is also claimed the order for costs on the appeals under the provisions of section 1034 of the Code of Civil Procedure awards an excessive amount; that it is void for failure to provide that the said payments shall be credited on any final awards which may be made, and that the notice of appeal is ineffectual because the original minute order for alimony *pendente lite* and costs is in full force and controlling over the subsequent written order purporting to determine the same subject of controversy.

The plaintiff and defendant lived together as husband and wife for twenty-one years. The plaintiff has been ill and under the care of a physician, other than her husband, for

more than two years. She is still indebted to that physician for his services. The defendant is a prominent physician in active practice. He owns property of the value of more than $150,000. He possesses and successfully operates a hospital at Eureka. He derives an annual income from the practice of his profession and from the net receipts of his hospital amounting to several thousand dollars. He has profitably conducted several timber enterprises. He has bought and sold real estate at considerable profit. At the time of his marriage to plaintiff he owned at least seven separate parcels of land, together with numerous standard stocks, bonds and securities of the aggregate value of more than $130,000, from which he regularly derives substantial dividends. He engaged in buying and selling on the market stocks, bonds and securities. From this source he derived profits amounting to several thousand dollars per year. He loaned money and maintained bank accounts from which he was paid considerable interest. He was accustomed to deposit in his bank account proceeds derived from his business and profession which he commingled with funds secured from sales of his separate real properties, stocks, bonds and securities, so that it was imposible to trace the sources from which any of the funds were derived. In the divorce suit the community property was directed to be equally divided between the spouses.

The suit for divorce and for division of the community property was instituted by the plaintiff. She was granted a divorce on the grounds of extreme cruelty and adultery. That portion of the decree is not challenged on appeal. The plaintiff was also awarded one-half of the community property. The trial of the case consumed several days. The transcript on defendant's main appeal consists of 975 pages. Three appeals from that judgment were perfected. Plaintiff filed four printed briefs in those appealed cases. She appealed on the ground that the court had erroneously awarded to the defendant a large amount of community property as his separate property. The defendant instituted this and another appeal. In the last-mentioned appeal he sought a reversal on the ground that the court erred in determining that certain specified stocks, bonds and securities were community property. Pending these appeals all of the community and defendant's separate property remain in his possession and under his exclusive control.

After the entry of the interlocutory decree, the plaintiff

moved for an order under section 137 of the Civil Code to award her alimony *pendente lite* and necessary costs of prosecuting the three appeals. This motion was heard upon plaintiff's verified affidavit which was admitted in evidence without objection, and to which no counter-affidavit was filed. Two witnesses were examined, on the hearing of the motion, in behalf of the defendant. A copy of his Federal income tax return for 1938 was received in evidence. The judge who tried the divorce case also heard this motion. It was conceded the trial court was authorized to consider on this motion all of the evidence adduced at the trial of the divorce action. (1 Cal. Jur. 964, sec. 19.) The motion was submitted and taken under advisement. July 27, 1939, the court directed the entry of a minute order granting the motion and specifying the amounts of alimony *pendente lite* and costs of suit to be awarded plaintiff, in which minute order it was specifically provided, "Counsel for plaintiff may prepare a more detailed order for the above payments." A detailed written order was accordingly prepared, signed by the judge and entered July 31, 1939, as the formal judgment on that motion. The written order awarded plaintiff $576.50 for "her costs and expenses on the appeals." She was also allowed $200 per month as alimony *pendente lite*, from July 21, 1939, "until the further order of this court." It was provided that said sums shall be paid by the defendant from the community earnings derived from the practice of his profession, and "if said earnings be not sufficient, the balance thereof may be paid from the community property of the parties hereto." From the last-mentioned order the defendant has appealed.

We are of the opinion there is no merit in respondent's contention that this appeal is ineffectual because the original minute order purporting to determine the motion for alimony and costs remains in full force and constitutes the order from which no appeal has been taken. The minute order was a mere tentative ruling of the court on that motion. That is clearly indicated by the language of the minute order. The court specifically authorized the plaintiff to prepare and present "a more detailed order for the above payments." She did so. We are therefore satisfied the formal written order was the judgment from which the appeal was properly taken. The former minute order becomes *functus officio*.

The award of $576.50 for plaintiff's "costs and expenses on the appeals" is not excessive. That sum includes

not only all necessary costs of prosecuting plaintiff's appeal, but also the costs incurred in defending herself on two appeals instituted by the defendant. In those three appeals she filed four printed briefs. Her brief filed on the defendant's chief appeal, in which he seeks a reversal on the alleged ground that the court erroneously awarded plaintiff certain stocks and bonds as community property consists of about 100 pages. The transcript in that case consists of 975 pages. We may assume she was entitled to a copy of that transcript from which to prepare her defense on appeal. The transcript in the case in which plaintiff appealed consists of sixty pages, which she was required to procure and pay for. Many other expenses would be necessarily incurred by her on the three appeals. The verified affidavit of the plaintiff which was received without objection on the hearing of the motion avers that she will necessarily incur that amount of expense incident to the three appeals. The defendant filed no counter-affidavit on that motion, and no satisfactory evidence was adduced to refute the asserted claims for that sum. We must therefore assume there is ample evidence to support that award of costs on the three appeals.

That award is not in conflict with the provisions of section 1034 of the Code of Civil Procedure. It does not appear that the order allowed plaintiff more than $100 for printing her briefs on appeal in any one case, or even for printing all her briefs on the three appeals. The order merely allows her $576.50 "on account of her costs and expenses on the appeals." It does not segregate the items of expense.

Moreover, we are of the opinion section 1034 of the Code of Civil Procedure has no application to the allowance of necessary costs awarded under section 137 of the Civil Code in a pending divorce suit to enable the petitioner to prosecute or defend the action. (*Oakland* v. *Pacific Coast Lumber & Mill Co.*, 172 Cal. 332, 334 [156 Pac. 468, Ann. Cas. 1917E, 259].) The last-mentioned section was enacted for quite a different purpose from that which prompted the adoption of section 1034 of the Code of Civil Procedure. The Civil Code provision is confined to pending divorce proceedings. It authorized the trial court, in its discretion, to award either the husband or the wife reasonable estimated necessary costs for prosecuting or defending at the trial or on appeal a pending suit for divorce.

On the contrary, section 1034 of the Code of Civil Pro-

cedure entitles "the prevailing party" only to statutory costs actually incurred on appeal for the purpose of reimbursement. These costs depend upon winning the appeal and they are due only after the appeal has been determined. To discourage extravagant expenditures for printing too lengthy briefs, the legislature has seen fit to limit the amount which "any one party" may recover for printing briefs to $100 on one appeal. We assume that when the same party appears in three different appeals there is nothing in the language of that section which will preclude him from recovering $100, if necessary, for the printing of his briefs in each appealed case. We are convinced this section 1034 of the Code of Civil Procedure does not apply to necessary costs which may be awarded in a divorce action in the discretion of the court, under section 137 of the Civil Code.

The order for alimony *pendente lite,* under the circumstances of this case, is not void for failure to provide that such payments shall be credited on any final judgment for alimony which may be subsequently made. There is no possibility of duplicating payments for alimony. The application in the complaint for divorce for an allowance of $500 per month as permanent alimony was not granted. All the relief the plaintiff secured under the complaint was an award for one-half of the community property, the whole of which is retained by the defendant pending the appeals. In lieu of an allowance for permanent alimony, on motion therefor, under section 137 of the Civil Code, she was allowed $200 a month pending the determination of the appealed cases. That is a proper emergency provision to enable the plaintiff to continue to live in substantially the same manner she has been accustomed to live, pending the determination of the appealed cases. The statutory right to necessary alimony *pendente lite* is separate and distinct from an award of permanent alimony or maintenance which may be awarded under proper circumstances. The fact that the wife was awarded one-half of the community property furnishes no reason why she may not also be entitled to alimony *pendente lite,* particularly when the custody and control of the entire community property is retained by the husband.

The cases of *Smith* v. *Smith,* 147 Cal. 143 [81 Pac. 411], and *Sheppard* v. *Sheppard,* 161 Cal. 348 [119 Pac. 492], upon which the appellant relies in support of his contention regarding the last-mentioned issue, are clearly distinguishable from

the present proceeding. In the Smith case the court rendered judgment awarding the wife $100 a month *as permanent maintenance*. An appeal was taken from that judgment. The court then made an order for alimony *pendente lite* in the like sum of $100 a month. The judgment for $100 a month as permanent maintenance was based on proof that that sum was all that was necessary for the wife's support. The addition of another $100 payment per month was held to be a duplication of the necessary amount, and that it would result in plaintiff being required to pay twice as much per month, pending the appeal, as was necessary for her support. The court therefore properly held that the order, under such circumstances, should have provided for crediting the amount paid for alimony *pendente lite* on the judgment for permanent maintenance if and when that judgment was affirmed. In the present case there is no duplication of allowances for maintenance or alimony. If the alimony had been disallowed in this case, the wife would have had insufficient means with which to support herself during the appeals.

In the Sheppard case, *supra,* the facts are exactly the same as those of the Smith case in regard to the issue which is here involved. Sheppard sued his wife for divorce. In a cross-complaint she asked for permanent maintenance. The court denied plaintiff a divorce, but awarded the wife $50 a month as permanent necessary maintenance. An appeal was taken. On motion, the wife was awarded $50 a month as alimony *pendente lite*. The court there said:

"It cannot be disputed, in view of the authorities, that the trial court was authorized to provide for the support and maintenance of defendant by plaintiff pending the determination of the appeal from the judgment, and to this end to make an order directing plaintiff to pay defendant such sums as were reasonably necessary for that purpose. (See *Bohnert* v. *Bohnert,* 91 Cal. 428 [27 Pac. 732] ; *Gay* v. *Gay,* 146 Cal. 237 [79 Pac. 885].) "

But the court did say, as was said in the Smith case, that a failure to provide for crediting the payments made under the order for alimony *pendente lite* to the judgment for permanent maintenance, in the event the judgment should be affirmed, might result in payments of double the amount found by the court to be necessary. These and other similar authorities relied upon by the appellant are entirely different from the facts of this case. No judgment for permanent main-

tenance was rendered in the present suit. There can be no duplication of payments to be made in this case.

The final and more serious issue on this appeal is whether the evidence adduced at the hearing of the motion for alimony *pendente lite* upholds the finding that $200 a month was reasonably necessary for the support of the wife pending the determination of the appeals. We are of the opinion the allowance is adequately supported by the evidence. We are unable to say the court abused its discretion in making that award. The rule is well established that the trial court has a sound discretion in fixing the amount of alimony *pendente lite,* which determination may not be disturbed on appeal except for a clear abuse thereof. (*Wilder* v. *Wilder,* 214 Cal. 783, 785 [7 Pac. (2d) 1032]; *Ritter* v. *Ritter,* 103 Cal. App. 583, 591 [284 Pac. 950]; *Rose* v. *Rose,* 109 Cal. 544, 546 [42 Pac. 452]; 1 Cal. Jur. 964, sec. 19, and at page 992, sec. 46.) In deciding whether such an allowance should be made the court is authorized to take into consideration the facts and circumstances of the respective spouses; the property which they possess; their earning ability and their needs.

The wife is entitled to be maintained, during the time the litigation is in progress, in substantially the same manner and condition in which she was accustomed to live and in her station of life. For this purpose the court may consider the affidavits and oral testimony adduced at the hearing of the motion, together with the evidence taken in the trial of the divorce case, when the same judge hears both proceedings. (*Newlands* v. *Superior Court,* 171 Cal. 741 [154 Pac. 829]; *Wittman* v. *Superior Court,* 19 Cal. App. (2d) 734, 736 [66 Pac. (2d) 180]; 1 Cal. Jur. 964, sec. 19.)

In the present case the evidence satisfactorily shows that the defendant is amply able to pay the plaintiff the amounts allowed to her on the motion for alimony. The defendant retains possession and control of all the community property pending the appeals, and that property is therefore not available for her use in the meantime. Moreover, the order directs that the alimony shall be paid out of the "community earnings" of the defendant, and if that is not adequate for that purpose, then the balance shall be paid from the community property of the respective parties. This means that eventually part of the alimony *pendente lite* may be charged against the plaintiff's own share of her community property. The affidavit of the plaintiff, which was read in

evidence on this motion, averred that the defendant retains possession and control of community property of the value of $200,000; that his annual gross income from his profession as a physician is $10,000; that the affiant has been ill and that she necessarily required the care of a physician for two years past, for which medical treatment she is still indebted; that she is unable to work; that, pending this litigation, she has been compelled to curtail her living expenses and to deprive herself of many necessities of life; that she owns some separate property from which she derived $1,592.50 during the past year, but that she has no other source of income; that she necessarily expended for her living in the year 1938 the sum of $2,916.74, and was compelled to sell some of her stocks and a parcel of land for the aggregate sum of $4,215 to meet her obligations, and that she was in need of the sum of $250 per month for her maintenance during the pendency of the appealed cases. This affidavit was received in evidence without objection.

The defendant filed no counter-affidavit disputing any of the averments of the foregoing affidavit. He did take the witness stand in his own behalf, and offered in evidence a copy of his Income Tax Return for 1938, which showed that his income from personal services was $4,787.64, and that he received interest from corporation bonds amounting to $4,113.07. Miss Thomas, his secretary, testified that his household expenses amounted to $1,538, and that his income from the practice of his profession was entirely consumed by overhead expenses.

The appellant contends that plaintiff's affidavit is incompetent evidence for the reason that it contains averments which are hearsay and which amount to mere conclusions. Even conceding that many of the averments of the affidavit are conclusions or hearsay, they became competent evidence for the reason that they were admitted without objection. (Sec. 2009, Code Civ. Proc.; *Mercantile Trust Co.* v. *Sunset etc. Co.,* 176 Cal. 461 [168 Pac. 1037]; *Soares* v. *Ghisletta,* 1 Cal. App. (2d) 402 [36 Pac. (2d) 668].)

We conclude that the court did not abuse its discretion in allowing plaintiff $200 per month as alimony *pendente lite,* in view of all of the evidence adduced on the motion and at the trial of the case which was entitled to be considered. In determining the question of plaintiff's necessity to obtain $200 a month for her maintenance, it is true

there is evidence that she received from her separate property for the year 1938 the sum of $1,592.50, and that her actual expenditures for that year were $2,916.74. On that basis alone, it would follow that she required for her maintenance the difference between those ascertained figures, which is the additional sum of $1,324.24. But that is not the entire showing of necessity which was made by the plaintiff. The evidence further shows that for two years past she has been ill and that she has incurred an indebtedness for medical services which has not been paid. The clear inference is that she will continue to incur further necessary expenses for such medical services. Moreover, plaintiff averred that in estimating the cost of her maintenance in 1938 at $2,916.74, she omitted many privileges she has been accustomed to enjoy; that she was compelled to and did curtail her usual and customary expenses and deprived herself of many necessities of life.　　　　In estimating necessary expenses in an application for alimony, the law does not expect a wife to unduly curtail her usual expenses or to deprive herself of the necessities of life. In the allowance of alimony and costs under section 137 of the Civil Code, the law recognizes the fact that a wife is entitled to live in her customary manner according to her station in life. It also appears, from the order for alimony and costs *pendente lite,* that a portion of the money directed to be paid may be contributed from plaintiff's share of her own community property.

We are of the opinion we may not say, in view of the entire record, that the court abused its discretion in allowing plaintiff alimony and costs of suit pending the disposition of the three appeals.

The order is therefore affirmed.

Appellant's petition for a hearing by the Supreme Court was denied February 26, 1942. Carter, J., voted for a hearing.