[Civ. No. 15624.   Second Dist., Div. One.   Aug. 22, 1947.]

RUTH K. ARMSTRONG, Respondent, v. LEE R.
ARMSTRONG, Appellant.

Clyde C. Shoemaker for Appellant.

Finlayson, Bennett & Morrow and Marlan A. Proctor for Respondent.

DORAN, J.—Reference is hereby made to the companion case, Civil No. 15738, (*ante*, p. 316 [183 P.2d 901]) wherein the plaintiff Ruth K. Armstrong appealed from an order setting aside an interlocutory judgment of divorce, and a further order denying plaintiff's motion to vacate the first order, for a knowledge of such facts as are not fully stated herein.

The material facts directly involved in the present appeal may be summarized as follows: On August 14, 1945, the respondent wife was granted an interlocutory judgment of divorce from the appellant husband who had been personally served with summons; this interlocutory divorce judgment was, on January 26, 1946, set aside on the ground of "mistake, inadvertence, surprise or excusable neglect of said defendant" under the provisions of section 473 of the Code of Civil Procedure, based upon a showing of the husband's "confused mental state" alleged to have resulted from worry over the domestic situation and various acts of the wife. Thereafter the wife filed an appeal in the divorce case, and the order now appealed from was entered on May 17, 1946, requiring Lee R. Armstrong to pay to Finlayson, Bennett & Morrow, plaintiff's attorneys, "the sum of $500.00 on account of attorney fees, for the prosecution of plaintiff's now pending appeal in this action . . . and in addition . . . the sum of $150.00 for costs" of such appeal. Neither plaintiff nor defendant appeared in person at the hearing of this motion; both parties relying on affidavits filed in the case, and the husband presenting evidence of a bank clerk in reference to certain accounts which had been maintained by the wife.

It is contended by the appellant husband that the making of the order for payment of attorney fees and costs incident to the wife's appeal "amounted to a plain abuse of discretion"; that the "wife's showing was insufficient to justify the order"; that "plaintiff's appeal from the order setting aside the interlocutory judgment of divorce, does not come within the provisions of Section 137, Civil Code," which provides for allowance of counsel fees, etc., "necessary for the prosecution of the action." Appellant also complains that the order was void because it "required defendant to pay (the costs) directly to plaintiff's attorneys."

A considerable portion of appellant's argument is concerned with a review of the affidavits and evidence offered at the hearing, bearing upon the financial situation of the parties and the alleged adultery of the respondent wife. Obviously, the merits of appellant's defense to the wife's action for divorce, and of the husband's cross-action, are not within the scope of the present controversy. The only matter before the trial court was the purely discretionary one of requiring the husband to pay attorney fees and costs of the wife's appeal.

It is not claimed that a wife possesses any absolute right to such an order, but as in other discretionary matters, the rule is well settled that the order made will not be disturbed by an appellate court "save when it clearly appears that such discretion has been abused," as was said in *Wittman* v. *Superior Court,* 19 Cal.App.2d 734, 736 [66 P.2d 180], cited by appellant. It is true that in the Wittman case the court refused to issue a writ of mandate to compel the superior court to make an order requiring the husband to pay costs and attorney fees of the wife's appeal, but such opinion constitutes no authority for disturbing the discretionary order made in the instant case, and, as before indicated, reaffirms the usual rule. The same may be said of the other cases mentioned by appellant.

Each case must stand on its own merits, and what might be a proper order in one case would be clearly improper in another controversy. In the instant case no abuse of discretion is apparent. There is a substantial showing by way of supporting affidavit, which would justify the trial court's order. It is true that much of this showing is contradicted by the appellant, but this conflict is largely present

in all litigation and does not demonstrate an abuse of discretion. Likewise, the record fails to disclose anything indicating that the wife's appeal was not in good faith, and this question also was doubtless considered by the trial court in passing upon the motion.

It is also true, as urged by appellant, that in the property settlement the wife received a greater share of the property than did the husband, but in this connection it is to be noted that the wife assumed the care and support of the two minor children, and that a larger part of the wife's allotment consisted of a ranch in Tulare County. It must be assumed that all pertinent facts were presented to the trial court and duly considered before making the order requiring the husband to pay the wife's appeal expenses. Indeed, the record reveals that the court did not summarily dispose of the matter at the close of the hearing but took the matter under submission and thereafter made the order in question.

The appellant's brief submits that "plaintiff has continually been represented by Marlan A. Proctor, an attorney at law"; that "plaintiff has made no showing whatever of any reasonable necessity for the employment of associate counsel or more than one attorney to represent her"; and that in the language of 1 California Jurisprudence, section 48, page 995, "the wife cannot, as of course, employ as many attorneys as she chooses, and compel the husband to furnish funds for whatever she is to pay them." There is, however, no rule expressly limiting a wife to representation by a single attorney, and this matter, as well as the making of the order itself and the amount thereof, was one of judicial discretion as hereinbefore indicated.

There is no merit in the contention that "plaintiff's appeal from the order setting aside the interlocutory judgment of divorce does not come within the provisions of Section 137, Civil Code," which provides for an allowance of counsel fees "necessary to prosecute or defend the action." A similar contention was made in the case of *Nelson* v. *Nelson,* 7 Cal.2d 449 [60 P.2d 982], the headnote of the published opinion reading in part as follows: "when the trial court vacates a final decree fraudulently procured by the husband, and after notice of appeal, the wife applies for counsel fees, costs on appeal and temporary support, the parties then retain their status as husband and wife . . . and the cause is 'pending' within the meaning of section 137 of the Civil.

Code so as to authorize awards as prayed. . . ." Although, as argued by appellant, the facts in the Nelson case are not identical with those of the instant controversy, the underlying principle is undoubtedly the same. In *Borenstein* v. *Borenstein*, 11 Cal.2d 301 [79 P.2d 388], an award was approved to enable the plaintiff wife to defend the husband's appeal from an order refusing to vacate interlocutory and final decrees of divorce and the court expressly held that the order "was one which the trial court had jurisdiction to make." Again, the facts in the Borenstein case were somewhat divergent from those in the present matter, but appellant's attempted distinction between these cases and the instant problem is not persuasive. Obviously, such a remedial provision as the code section in question should not receive a rigid and highly technical construction based upon finely spun distinctions of doubtful value.

In the reply brief appellant has for the first time raised the point that the wife's application for an order requiring the husband to pay attorney fees and costs on appeal "was not a proceeding where proof was authorized to be made by means of an affidavit instead of by sworn testimony." As pointed out in a supplementary brief filed by respondent, "The point was not raised in the lower court as an inspection of the record will show." In this connection it may be noted that the appellant, likewise, filed an opposition affidavit: that neither appellant nor respondent testified at the hearing and that apparently appellant made no request that respondent appear personally for cross-examination. As respondent has pointed out, "a considerable portion of appellant's . . . briefs contain references to and arguments based upon the evidence allegedly shown by his own affidavit. . . . He seems to consider his own affidavit as being in a different category and a superior type of evidence to that of appellant's." In this state of the record it is at least doubtful whether the point made deserves consideration. In any event the contention is without merit.

Section 2009 of the Code of Civil Procedure provides that an affidavit may be used "upon a motion"; the section contains no qualifying phrase and, as mentioned by respondent, the use of such affidavit is not limited to uncontested motions. The cases cited by appellant are not authority for the contention here made, for the most part dealing with the contents and substance of particular affidavits, and asserting

the obvious propositions that conclusions, hearsay statements and the like contained in such affidavits will not suffice. In *Miller* v. *Miller*, 57 Cal.App.2d 354, 362 [134 P.2d 292], involving a contested motion for increase of temporary alimony, the court said: "An affidavit is proper in support of, or in opposition to such a motion as the one involved herein. (Code of Civ. Proc., sec. 2009.) The original order was made upon affidavits (although defendant was present at the hearing he did not testify)." In *Falk* v. *Falk*, 48 Cal. App.2d 780, 789 [120 P.2d 724] occurs the following: "The appellant contends that plaintiff's affidavit is incompetent evidence for the reason that it contains averments which are hearsay and which amount to mere conclusions. Even conceding that many of the averments of the affidavit are conclusions or hearsay, they became competent evidence for the reason that they were admitted without objection."

One further point made by appellant requires attention, namely, that the order appealed from is bad because providing for the payment of both attorney fees and costs directly to plaintiff's attorneys in place of being made payable to the plaintiff. Section 137.5, added to the Civil Code in 1937 changed the former rule and provided that "attorney fees . . . may, in the discretion of the court, be made payable, in whole or in part, to the attorney entitled thereto." Appellant submits that since this section did not expressly provide that "costs" may also be made payable directly to the attorney, such an order as was here made, is not justified. Although not fully conceding this point respondent's brief suggests that "If the court should be of the opinion that the portion of the order relating to payment of costs is irregular, we request that the court modify same in that regard, in the exercise of its inherent powers and in the interests of justice. (See *Storke* v. *Storke*, 99 Cal. 621 [34 P. 339].)" Such modification can in no manner prejudice the appellant's rights, and the change should be made.

The order appealed from is therefore modified to the extent that the sum of $150 for costs of plaintiff's appeal, ordered to be paid by the defendant Lee R. Armstrong, shall be paid directly to the plaintiff, Ruth K. Armstrong; and the order as so modified, is affirmed.

York, P. J., and White, J., concurred.