[Civ. No. 14279. First Dist., Div. One. Apr. 25, 1950.]

ANNA LOKE, Respondent, v. EDWARD LOKE, Appellant.

Samuel E. Yee for Appellant.

Phil F. Garvey and Julia M. Easley for Respondent.

SCHOTTKY, J. pro tem.—On January 25, 1949, plaintiff and respondent Anna Loke filed an action for divorce against defendant and appellant Edward Loke. On February 21,

1949, plaintiff's application for counsel fees and costs was heard before the Honorable Frank T. Deasy, Judge of the Superior Court, and denied. Thereafter, on February 23, 1949, plaintiff filed a notice of appeal from the order of Judge Deasy, and on March 30 she filed a motion for an order requiring defendant to pay $350 to plaintiff as and for attorney's fees and costs on said appeal. This motion was heard by Superior Court Judge Twain Michelsen, and on April 28, 1949, he made an order that defendant pay $308.80 as and for attorney's fees and costs of plaintiff on the appeal from the order of Judge Deasy. This appeal is by defendant from the said order of Judge Michelsen.

The sole question to be determined on this appeal is whether Judge Michelsen abused the judicial discretion conferred on him by section 137 of the Civil Code, which provides: "Where an action for divorce is pending, the court may, in its discretion, require the husband . . . to pay as alimony any money *necessary* to enable the wife to support herself . . . or to prosecute or defend the action." (Emphasis added.)

In the recent case of *Fallon* v. *Fallon,* 86 Cal.App.2d 872 [195 P.2d 878], this court said, at page 873: "The rule is well stated in the extract chosen by plaintiff from the opinion in *Loeb* v. *Loeb,* 84 Cal.App.2d 141 [190 P.2d 246], where at page 148, the court says: 'As previously stated, the grant or denial of pendente lite allowances of temporary alimony and suit money rests in the sound discretion of the trial court. However, that discretion should not be exercised arbitrarily. (*Sweeley* v. *Sweeley,* 28 Cal.2d 389, 394 [170 P.2d 469]; *Turner* v. *Turner,* 80 Cal. 141, 144 [22 P. 72]; *Smith* v. *Smith,* 147 Cal. 143, 145 [81 P. 411].) The wife seeking these awards must establish her necessity for them. Such necessity may be proved only by showing that her need for proper support and the expenses of the litigation exceed her available resources. This means that the trial judge must be informed in detail not only as to her needs (*Tremper* v. *Tremper,* 39 Cal.App. 62, 66 [177 P. 868]), but also as to her resources. (*Cf. Kenney* v. *Kenney,* 220 Cal. 134, 138 [30 P.2d 398]; *Busch* v. *Busch, supra,* 99 Cal.App. 198, 201 [278 P. 456].)' While the Loeb case refers to attorney's fees and costs on the main case, the rule is the same as to fees and costs on appeal."

Plaintiff filed an affidavit in support of her motion for attorney's fees and costs on appeal which stated that $350 was a reasonable sum and was necessary to permit her to

prosecute her appeal; that defendant received an income of approximately $200 per month and was well able to pay and that plaintiff was not; that she was informed by her attorney, Phil F. Garvey, "and believes that she has a good and meritorious appeal on the merits in the above entitled cause and that the said order dated February 21, 1949 will be reversed on appeal." A counteraffidavit of Edward Loke, the defendant, was filed alleging "that the monthly income of plaintiff . . . is about the same as that of the defendant"; that defendant had offered to pay reasonable attorney's fees and costs; and that the appeal was not taken in good faith but for the purpose of harassing defendant and collecting an unreasonable fee. A "Reply Affidavit" of Mr. Garvey was filed in behalf of plaintiff disputing defendant's allegation that the incomes of the parties were "about the same" or that defendant ever had offered to pay a reasonable attorney's fee and alleging that defendant had offered to pay only a fee that was "nominal." In the "Reply Affidavit" it was also denied that Garvey "at any time stated that he would prosecute an appeal from the order heretofore made, unless he was paid a fee by the defendant . . ."

The reporter's transcript shows that on the hearing of plaintiff's motion by Judge Michelsen the aforementioned affidavits were filed in support of and in opposition to the motion; that the views of both sides as to plaintiff's income were presented; that defendant's attorney urged before the trial court all the points now raised on appeal; and that a transcript of the testimony of the parties at the hearing before Judge Deasy on February 21 was considered by the trial judge and received in evidence.

In *Armstrong* v. *Armstrong,* 81 Cal.App.2d 322 [183 P.2d 905], the situation was similar to the one here. In that case the husband appealed from an order granting attorney's fees and costs incident to the wife's appeal (from the setting aside of an interlocutory decree of divorce) on the ground that such order "amounted to a plain abuse of discretion" and that the "wife's showing was insufficient to justify the order." The court stated, at pages 324-325: "It is not claimed that a wife possesses any absolute right to such an order, but as in other discretionary matters, the rule is well settled that the order made will not be disturbed by an appellate court 'save when it clearly appears that such discretion has been abused,' as was said in *Wittman* v. *Superior Court,* 19 Cal.App.2d 734, 736 [66 P.2d 180], cited by appellant. . . . Each case must

stand on its own merits, and what might be a proper order in one case would be clearly improper in another controversy. In the instant case no abuse of discretion is apparent. There is a substantial showing by way of supporting affidavit, which would justify the trial court's order. It is true that much of this showing is contradicted by the appellant, but this conflict is largely present in all litigation and does not demonstrate an abuse of discretion. Likewise, the record fails to disclose anything indicating that the wife's appeal was not in good faith, and this question also was doubtless considered by the trial court in passing upon the motion.''

In view of the authorities we are unable to hold upon the record here that the trial judge abused his discretion in allowing plaintiff and respondent counsel fees and costs on appeal. The questions of necessity, good faith and merit were matters to be determined by the trial court, and while we may believe that the ruling could have been otherwise, we cannot say that the order of the trial court was arbitrary or so lacking in evidentiary support as to constitute an abuse of discretion.

In view of the foregoing, the order appealed from is affirmed.

Peters, P. J., and Bray, J., concurred.