[Civ. No. 32506.   Second Dist., Div. One.   Mar. 29, 1968.]

IDA SIMON, Plaintiff and Appellant, v. JOSEPH SIMON,
Defendant and Respondent.

Brock & Rykoff and Robert L. Brock for Plaintiff and
Appellant.

David S. Smith for Defendant and Respondent.

FOURT, J.—This is an appeal by plaintiff from an order "denying her motion for attorney's fees and costs on appeal."

Plaintiff herein brought an action for divorce. A decree was granted to each of the parties and plaintiff appealed from the judgment. This court on this date has disposed of that appeal in our case numbered 31564. Therein we stated the facts and other pertinent matters and no useful purpose could be served in restating or repeating what is there set forth. After judgment plaintiff petitioned the court for attorney's fees and costs on appeal, for alimony pending appeal and for a restraining order or the appointment of a receiver pending appeal. Plaintiff filed a declaration in support of her petition and as might be expected defendant filed a declaration which in large part contradicted the statements by plaintiff and particularly with reference to the ability of the respective parties to pay any money. At the hearing, both the petitioner-plaintiff and the defendant testified further. The motions were argued and the court denied plaintiff's requests. Plaintiff filed her notice of appeal from the order as heretofore indicated. In her brief she has made no reference to the denial of alimony pending appeal and to her request for the appointment of a receiver or a restraining order and consequently we assume that she either has withdrawn or abandoned any contention with reference to such items.

The sole question for disposition on this appeal is whether the trial judge abused the judicial discretion lodged with him under the law. (See § 137, Civ. Code.)

It is appropriately stated in *Kellett* v. *Kellett*, 2 Cal.2d 45, at pp. 48-49 [39 P.2d 203] : "It is well settled that the granting of alimony and costs pending appeal rests in the sound discretion of the trial court and its action relative to an application therefor will not be disturbed by a reviewing court unless it is shown that the court has abused such discretion. [Citation.] While it is within the power of a trial court after an appeal from a judgment granting the husband a divorce to allow to the wife costs and alimony pending the appeal [citation], the right of the defeated wife to prosecute her appeal at the expense of her husband is not an absolute right. [Citation.] Furthermore, it was held in that case (p. 656 [*Stewart* v. *Stewart*, 156 Cal. 651 (105 P. 955)]) that, 'where the trial court is satisfied from the record before it, that the proposed appeal is not taken in good faith, or with reasonable belief that it has merit [citation], the application should be de-

nied'." Further that: "In passing upon the trial court's denial of plaintiff's motion for costs on appeal and for maintenance pending appeal, it is proper to take into consideration not only the particular action that was then before the court but other proceedings before said court relative to the marital and property rights of the parties hereto."

The trial judge in this case, as in *Kellett*, undoubtedly took into consideration the history of the litigation between the parties and other matters disclosed in the main case. The judge may well have questioned the good faith of plaintiff in taking said appeal or at the least may have been of the opinion that she had no reasonable belief in its merits. *Kellett, supra*, at p. 49, states, "In these circumstances it was within its discretion to deny the application of plaintiff for funds to prosecute the appeal." (See also *Stewart* v. *Stewart*, 156 Cal. 651, 656 [105 P. 955].)

In *Hunter* v. *Hunter*, 202 Cal.App.2d 84, 92 [20 Cal.Rptr. 730] the court stated:

"The granting or denial of counsel fees on appeal in divorce litigation is within the sound discretion of the trial court and an order made either way will not be reversed in the absence of an abuse of discretion. [Citations.]

"The law's purpose in allowing attorney's fees and costs to a wife who has not sufficient monies to meet such expenses is to assure to women with domestic difficulties that they will have their day in court, on appeal as well as at the trial. Four conditions must concur to warrant an allowance of attorney's fees in such a case as this: (1) The wife must be in need of such assistance—if she has ample funds of her own to retain counsel no requirement that her husband pay counsel fees is justified; (2) The husband must have the ability to pay; (3) The proposed appeal must be taken in good faith; (4) There must be a reasonable ground for the appeal; this does not mean that the appellant must be assured of success, but that reasonable men should believe that the contentions to be urged merit attention and resolution by an appellate court."

In *Loke* v. *Loke*, 97 Cal.App.2d 158, 160-161 [217 P.2d 477], it is said:

"In *Armstrong* v. *Armstrong*, 81 Cal.App.2d 322 [183 P.2d 905], the situation was similar to the one here. In that case the husband appealed from an order granting attorney's fees and costs incident to the wife's appeal (from the setting aside of an interlocutory decree of divorce) on the ground that such order 'amounted to a plain abuse of discretion' and that the 'wife's showing was insufficient to justify the order.' The

court stated, at pages 324-325: 'It is not claimed that a wife possesses any absolute right to such an order, but as in other discretionary matters, the rule is well settled that the order made will not be disturbed by an appellate court ''save when it clearly appears that such discretion has been abused,'' as was said in *Wittman* v. *Superior Court,* 19 Cal.App.2d 734, 736 [66 P.2d 180], cited by appellant. . . . Each case must stand on its own merits, and what might be a proper order in one case would be clearly improper in another controversy.' ''

It is clear that the right of a defeated wife in a divorce proceeding, to prosecute an appeal at her husband's expense, is not an absolute right; that the matter of granting attorney's fees and costs on appeal rests in the sound discretion of the trial court and its action denying an application therefor will not be disturbed save when it clearly appears that such discretion has been abused. It is further clear that it is entirely proper in passing upon the wife's motion for costs, et cetera, on appeal, to take into consideration not only the evidence adduced at the hearing on the motion but the circumstances which brought about the claimed unfavorable result to the wife in the main action.

The plaintiff-appellant in this case, in our opinion, has not stated or established in any respect wherein the judge abused his discretion. In fact there is substantial evidence, if believed, that plaintiff had ample funds of her own to prosecute her appeal and that defendant-respondent had no funds with which to comply with any order for such amounts as prayed for. In other words, there is evidence that appellant failed in her effort to show a need for any financial assistance in her appeal, and further the evidence failed to show any ability upon the part of defendant-respondent to pay her appellate expenses.

In view of what is herein stated we are unable to hold upon the record in this case that the trial judge abused his discretion in denying plaintiff's motion. The order was not an arbitrary one or so lacking in evidentiary support as to constitute an abuse of discretion.

The order appealed from is affirmed.

Wood, P. J., and Lillie, J., concurred.

A petition for a rehearing was denied April 24, 1968, and appellant's petition for a hearing by the Supreme Court was denied May 22, 1968.